Alonzo CRAWFORD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15701.

United States Court of Appeals
District of Columbia Circuit.

Argued June 22, 1960.

Decided July 7, 1960.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PRETTYMAN, Chief Judge.

Appellant Crawford and certain others were charged in a thirteen-count indictment with violation of the gambling laws. Crawford and one Middleton were brought to trial on Thursday, January 15, 1959, on Count One, which charged the felony of operating a lottery.[1] Crawford was also tried on Count Eleven and Middleton on Count Nine, both of which charged the misdemeanor of knowingly possessing lottery slips and similar materials.[2]

1. 31 Stat. 1330 (1901), as amended, D.C. Code § 22–1501 (1951).

2. 52 Stat. 198 (1938), D.C.Code § 22–1502 (1951).

That same day the jury, upon interrogation, reported as its verdict "Guilty as charged." The judge dismissed the jury, told them to return to court on the following Monday (to be available for service in other cases), and left the court. Immediately thereafter some of the jurors contended they had never voted on Count One, the felony count. On January 19th, the following Monday, the trial judge questioned the members of the jury under oath. After determining that certain jurors felt they had not voted on Count One, the court, *sua sponte,* set aside the entire verdict and ordered a new trial. Crawford's counsel immediately made a motion for judgment of acquittal,[3] which was promptly denied. Defense counsel later filed a written "plea in bar (former jeopardy)", in which he sought dismissal of the indictment as to Crawford and Middleton; this was denied by the trial judge. A second trial of the same defendants under the same counts was then held before a different District Judge, who also had denied the renewed motion to dismiss the indictment. Crawford was found guilty and sentenced on both the felony and misdemeanor counts. His sole contention on appeal is that the District Court erred in refusing to accept his plea of former jeopardy.

■ The general rule in a jury case is that jeopardy attaches once the jury has been impaneled and sworn.[4] However a defendant's right to be free from subsequent jeopardy after a trial has been terminated prior to verdict without the defendant's consent is not absolute.[5] For example, the trial court, in its discretion, may discharge a jury unable to agree, and order a subsequent trial.[6] Similarly, a subsequent trial is not barred when the trial court, *sua sponte,* dismisses a jury and orders a new trial because he discovers that a juror was disqualified[7] or biased.[8] The test governing all these cases was first enunciated by Mr. Justice Story:[9]

> "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; * * *."

■■ Our problem, then, is whether Mr. Justice Story's test must or should be applied to the case at bar. Here, unlike Perez and other cases following it,[10] the jury purportedly rendered a verdict on all counts before it was discharged. Under the circumstances, however, we

3. No ground was alleged in this oral motion.

4. See Hunter v. Wade, 169 F.2d 973, 8 A.L.R.2d 277 (10 Cir., 1948), affirmed 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949).

5. It is not entirely clear whether in the situations noted below, as a matter of legal theory, jeopardy is deemed to have attached and been excused or not to have attached at all. See Himmelfarb v. United States, 9 Cir., 175 F.2d 924, 932 note 2, certiorari denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949). We need not choose between these theories, or any other, in order to resolve the issue in the case at bar.

6. Logan v. United States, 144 U.S. 263, 298, 12 S.Ct. 617, 36 L.Ed. 429 (1892);

United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165 (1824).

7. Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894).

8. Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891).

9. United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 580, 6 L.Ed. 165 (1824). See also Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). It is unnecessary to enumerate instances in which courts have held that a subsequent trial was barred under the circumstances. For one such example, see Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 122 A.L.R. 1436 (D.C.Cir.1939) (hearing ordered on *habeas corpus* petition).

10. See notes 6, 7, 8, supra.

are of opinion that this difference is without legal effect. Since the jury had been dismissed and allowed to disperse [11] before the trial judge ascertained the true facts about the verdict, the court could not then have ordered a resumption of deliberations on Count One. He then knew, as the result of his own inquiry, that at least some of the jurors had not voted on Count One. Thus there had been no legal verdict on that count prior to the discharge of the jury. The judge had only one choice—to refuse to enter sentence on the purported verdict on Count One and to set that verdict aside.[12] At least at this point, therefore, the case at bar is legally equivalent to Perez and its line of cases. Here as there an event occurred which prevented the completion of the jury's function.

We come, then, to the fact that the jury had rendered a verdict, at least valid on its face, on the misdemeanor counts. However, since the jury had exhibited a considerable degree of confusion as to what it had actually done, and it could not be reassembled, we hold that it was within the discretion of the trial court to refrain from sentencing on the verdict as rendered and, instead, to set aside the entire verdict and order a new trial.[13] Under these circumstances this case is well within the class of cases in which the defendant's valuable right to be free from subsequent jeopardy must "be subordinated to the public's interest in fair trials designed to end in just judgments." [14]

The judgment of the District Court is Affirmed.

11. See Summers v. United States, 4 Cir., 11 F.2d 583, 586, certiorari denied, 271 U.S. 681, 46 S.Ct. 632, 70 L.Ed. 1149 (1926).

12. Had Crawford elected to accept the irregular verdict, it might have been open to the court to permit the verdict to stand. We do not have such a case before us. It is of course clear that a defendant could not plead former jeopardy if the jury was discharged through the fault of, or with the consent of, the defendant. See, e. g., Barrett v. Bigger, 57 App.D.C. 81, 17 F.2d 669 (D.C.Cir.), certiorari denied, 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1331 (1927); cf. Scott v. United States, 91 U.S.App.D.C. 232, 202 F.2d 354 (D.C.Cir.), certiorari denied, 344 U.S. 879, 73 S.Ct. 176, 97 L.Ed. 681 (1952).

13. In any event Crawford's sentence on the misdemeanor count was concurrent with that on the felony count. Thus, since we uphold the judgment upon the second trial as to the felony count, even if it was error to retry Crawford under Count Eleven—which we do not find—he suffered no prejudice, and thus the judgment must be affirmed. See Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

At oral argument appellant Crawford urged us to apply the rule of Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), in this case. We think that case is inapposite. Here it is clear there was no implied acquittal on Count One.

14. Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949).