**Frank STURM, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 21209.**

United States Court of Appeals Ninth Circuit.

Feb. 21, 1967.

Rehearing Denied March 29, 1967.

Frank Sturm, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Robert R. Granucci and Lawrence R. Mansir, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

Appellant, in California penal custody serving a sentence of from five years to life upon his conviction in 1957, of first degree robbery (California Penal Code § 211), appeals from orders of the United States District Court for the Northern District of California, Southern Division, denying his application for a writ of habeas corpus and his motion for a rehearing on that application.

■ The District Court is affirmed as to appellant's claim of ineffective counsel (for the reason that as to this claim state remedies have not been exhausted).

As to his claim respecting use of his incriminating statement made during the flight from Los Angeles to San Francisco, the District Court read the petition as making a claim only under the rule of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and denied relief on the ground that that rule was not to be applied retroactively.

■ In his motion for rehearing appellant unambiguously alleged that the statement had been coerced. He did not allege any additional facts and we read the denial of rehearing as based upon a lack of sufficient factual allegation. Appellant's briefs in this court contain sufficient factual assertions to assure that an amended petition would add substantial specificity to the claim.[1] Under these circumstances we feel he should have an opportunity to amend.

Reversed and remanded with instructions that appellant be granted leave to amend his petition and for further proceedings.

---

[1]. In Wright v. Dickson, 336 F.2d 878, 881 (9th Cir. 1964), footnote 2, it is stated:
"To the extent that they clarify and particularize appellant's allegations, we have considered the factual assertions in appellant's application for certificate of probable cause and in his briefs filed in this court. * * * Briefs filed in this court of course were not before the district court, and we consider their factual averments only in the interest of avoiding needless circuity, since if we found the assertions to be significant it would be proper to treat them as an amendment to appellant's original application and refer them to the district court for consideration."