William B. **ALEXANDER**, Appellant,

v.

Jack **FOGLIANI**, Appellee.

No. 21358.

United States Court of Appeals
Ninth Circuit.

April 5, 1967.

---

William B. Alexander, Carson City, Nev., for appellant, in pro. per.

Harvey Dickerson, Atty. Gen., of State of Nevada, Carson City, Nev., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and MATHES, District Judge.

MERRILL, Circuit Judge:

Appellant, in Nevada penal custody following a plea of guilty to a charge of second-degree murder and conviction thereon, appeals from orders of the United States District Court for the District of Nevada denying his application for writ of habeas corpus and his motion for reconsideration of the application. The District Court did not issue an order to show cause, nor did the court hold a hearing.

Appellant raises two issues in his application below and on appeal.

1. He contends that his rights under the due process and equal protection clauses of the Fourteenth Amendment were violated when an indictment was returned against him at a time when his trial upon an information had been halted by a writ of prohibition from the Nevada Supreme Court.

It has not yet been determined that the Fourteenth Amendment incorporates the double jeopardy standards of the Fifth Amendment, but in any case it affords some protection against multiple vexation. Barnett v. Gladden, 375 F.2d 235 (9th Cir. 1967). However, we find no violation here under either view. At the time the indictment was issued, trial upon the information had proceeded only to the point of selecting some of the jurors. Jeopardy attaches no earlier than when the jury has been sworn. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); Himmelfarb v. United States, 175 F.2d 924 (9th Cir. 1949), cert. denied 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949); Crawford v. United States, 109 U.S.App.D.C. 219, 285 F.2d 661 (D.C. Cir. 1960).

Independent of the double jeopardy claim, appellant asserts that state

law was violated in several respects. Assuming such error, however, we find no federal questions presented since no deprivation of that fundamental fairness essential to due process appears. Symons v. Klinger, 372 F.2d 47 (9th Cir. 1967). Further we find no basis for appellant's contention that he was denied equal protection of the laws.

On this claim the District Court is affirmed.

2. Appellant contends that his guilty plea was the result of coercion and duress, the nature of which is specifically alleged in his petition. As to this claim the District Court ruled that appellant had failed to show exhaustion of state remedies.

The petition shows that appellant had applied to the Nevada Supreme Court for habeas corpus and had been denied, the court stating:

> "The court has read the petition for release on habeas corpus and finds from the face of the petition and attached documents that petitioner's present confinement is in all respects legal.
>
> "Therefore it is ordered that the petition for habeas corpus be and the same is denied."

Appellant did not make his petition to the Nevada court a part of his petition below, and we do not know from the federal petition the manner in which this contention was presented to the state court, if at all. In his "Petition for Reconsideration," however, he states:

> "This petitioner placed this petition ["contention of coercion and duress"] before the Nevada Supreme Court and the same was denied summarily."

Reconsideration was denied by the District Court upon the ground that appellant's Petition for Writ of Habeas Corpus does not affirmatively and specifically disclose that state court remedies have been exhausted by presentation to the proper state courts of all the same grounds and contentions which petitioner here asserts * * *."

■ Where allegation of exhaustion was not made in the original petition but was subsequently made in an unverified "Petition for Reconsideration" the proper procedure in our judgment is to permit amendment of the original petition rather than to dismiss summarily. See Sturm v. Wilson, 373 F.2d 548 (9th Cir. 1967); cf., Peterson v. Wilson, 373 F.2d 737 (9th Cir. 1967). Leave to amend could, in this case, require inclusion of a copy of the state petition in order to assure that facts rather than conclusions be asserted.

Language used by the District Court suggests that it felt that notwithstanding the denial of habeas corpus by the Supreme Court of Nevada, state remedies would not be exhausted until the writ had been sought from a state district (trial) court, since evidentiary issues were presented by the claim of coercion.

■ We disagree. The supreme court's denial was clearly on the merits. Nev.Rev.Stat. § 34.380(2) (1957) provides that once application is denied by the supreme court "the person making such application shall not have the right, nor the power, to submit thereafter an application to the district judge of the district wherein such applicant is held in custody, nor to any other district judge in any other judicial district of the state, which application shall be premised upon the illegality of the same charge upon which such applicant is held in custody."

If an evidentiary hearing had been felt necessary and the supreme court was not disposed to entertain such a hearing, Nev. Rev.Stat. § 34.380(1) (a) (1957) provides that the writ issued by the supreme court may be made returnable before any state district court or judge thereof.

Reversed and remanded with instructions that appellant be granted leave to amend his petition by attaching a copy of the petition for habeas corpus presented to the Nevada Supreme Court and for further proceedings.