THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HERBERT, Defendant-Appellant.

(No. 56488;

First District—August 1, 1972.

Sam Adam, Edward M. Genson, and Santo J. Volpe, all of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The defendant was charged with the unlawful sale of narcotic drugs. He was indicted for that crime and entered a plea of guilty. Subse-

quently, on defendant's motion, the finding of guilty was vacated. Defendant waived trial by jury and the case was heard by the court. Defendant was found not guilty on the charge of unlawful sale of narcotics, and guilty on the lesser included offense of unlawful possession of narcotics. On appeal the defendant raises two points:

(1) The indictment under which defendant was charged was void in that it incorrectly stated the name of the person to whom he sold the narcotics, thus depriving him of his right to know the nature and cause of the accusation against him, and that it denied him of due process of law;

(2) A finding of guilty of a lesser included crime than the crime charged in the indictment is a nullity and violates defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

The facts follow.

On April 26, 1967, two Chicago police officers, James Arnold and Phil Williams, met with one Edward Palmer [an informer in narcotics cases also known as George Wilson]. The officers gave Palmer $15.00 in bills, the serial numbers of which had been recorded. The officers accompanied Palmer to a poolroom where he met and talked with the defendant while the officers waited. The defendant left the poolroom, returning a short time later with a tinfoil package which he turned over to Palmer in exchange for $14.00. Palmer gave the package to the police officers who placed defendant under arrest. A search of defendant's person revealed the previously recorded currency. The contents of the package were analyzed and found to be heroin.

Defendant testified on his own behalf that he had known Palmer for 15 years; that he and Palmer both were heroin addicts; that they had agreed to pool their money in order to buy heroin at a better price; and that on the day of his arrest he was giving Palmer his share of the previous day's purchase. He contends that Palmer told him the $14.00 was to help them buy more heroin. After hearing the testimony the trial judge decided that the defendant was not guilty of the sale of narcotics, but that he was guilty of the lesser included offense of possession of narcotics. Defendant contends, however, that it was error for the court to find him guilty of possession of narcotics because the indictment charged him with the sale of narcotics.

■■ The State is not required to allege a lesser included offense in an indictment where it is embraced by the greater charge. (*People v. Simmons*, 26 Ill.2d 400.) Possession of narcotics is a lesser included offense within the charge of an unlawful sale of narcotics. Therefore, when defendant was charged with the unlawful sale of narcotics he

could properly be convicted of the lesser included offense of possession of narcotics without a violation of his constitutional rights. *People v. King*, 34 Ill.2d 199.

■■ The defendant urges that the indictment was invalid because it misstated the name of the narcotics purchaser and that he was therefore deprived of his constitutional right to know the nature of the accusation against him. It is not necessary that an indictment for the sale of narcotics contain the name of the purchaser. (*People v. Adams*, 46 Ill.2d 200.) If a name is incorrectly stated in an indictment the court should determine whether the error is such as to mislead the defendant in the preparation of his defense.

■■ In the instant case, when defendant pleaded guilty to the crime of selling narcotics, there was an agreed statement of facts presented to the court. The parties stipulated that George Wilson, if called, would testify that on the day in question he met with Officers Arnold and Williams and was given $15.00 in bills, the serial numbers of which were recorded, and that he signed an inventory sheet. It was also stipulated that Wilson would testify that he was then taken to the Sportsman Poolroom where he met with defendant to arrange for the purchase of narcotics, and that the drugs were subsequently delivered to him in return for $14.00.

In stipulating to these facts the defendant must be presumed to have known who George Wilson was. The defendant knew that George Wilson was known by other names. Indeed, in his petition to vacate the prior plea of guilty, defendant alleged that the name George Wilson was but a pseudonym. In the light of all the testimony, it is clear that defendant knew the true identity of George Wilson and that his correct name was Palmer. The judgment is affirmed.

Judgment affirmed.

LYONS and LEIGHTON, JJ., concur.