THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* IRENE JENKINS, Defendant-Appellee.

First District (5th Division) No. 62101

Opinion filed August 13, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Patrick W. O'Brien, Assistant State's Attorneys, of counsel), for the People.

Julius L. Sherwin and Marvin A. Brusman, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant was indicted on one count of attempt (murder) (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and two counts of aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4). All charges stemmed from a single shooting, which occurred on Chicago's West Side on November 5, 1972. Following a jury trial, defendant was acquitted of attempted murder, however, a mistrial was declared when the jury failed to reach agreement as to the aggravated battery charges. The State again attempted to prosecute defendant on the battery charges, whereupon she brought a motion to dismiss alleging that a retrial would twice place her in jeopardy for the same offense. Defendant's motion was granted and the State now appeals contending that the dismissal was erroneous.

Defendant asserts that a second trial on the aggravated battery charges subjects her to double jeopardy in contravention of rights guaranteed to her by both the State (Ill. Const., art. 1, §10) and Federal (U.S. Const.,

amend. V) constitutions. In support of her contention, she argues that section 3—4(b) of the Criminal Code (Il. Rev. Stat. 1973, ch. 38, par. 3—4(b))[1], which was an attempt to codify the law concerning double jeopardy, bars subsequent prosecution of a defendant on a lesser included offense, following acquittal on the greater offense. The statute applies when defendant "could have been convicted" of the included offense on the former prosecution. Illinois case law is in accord. See *People v. Harrison*, 395 Ill. 463, 70 N.E.2d 596; *People v. Dugas*, 310 Ill. 291, 141 N.E. 769.

Aggravated battery has been held to be a lesser included offense of attempted murder. (*People ex rel. Walker v. Pate*, 53 Ill. 2d 485, 292 N.E.2d 387; *People v. Lyons*, 26 Ill. App. 3d 193, 324 N.E.2d 677.) Because defendant could have been convicted of aggravated battery (the included offense) on the former prosecution for attempted murder (the greater offense), but was not, she now contends the subsequent prosecution is barred.

We disagree. While defendant correctly paraphrases the rule of law set forth in section 3—4(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(b), we think the statute ws never intended to be applied when the lesser included offense was charged in the indictment and a mistrial was declared because the jury failed to agree on a verdict.

In our opinion the section defendant cites prohibiting subsequent prosecution as to crimes which "defendant could have been convicted on the former prosecution" applies to those instances where defendant is charged with only the greater offense and the trier of fact acquits him of that offense, remaining silent as to all lesser included offenses. In such circumstances any doubt concerning what the jury determination might have been, had they considered any of the included offenses, is resolved in favor of defendant. Silence implies acquittal and defendant may not thereafter be retried on any of the offenses.

In the instant case defendant was indicted on the lesser offenses (battery) as well as a greater offense (attempt). Pursuant to the mandatory joinder provisions of section 3—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—3) the offenses were prosecuted together. Although acquitting defendant of the greater offense, the jury was not silent as to the included offenses. They did consider the charges, however, were

---

[1] Section 3—4(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(b)) provides in part:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; ° ° °."

394

unable to reach a unanimous verdict as to guilt or innocence. Unlike the cases where the jury is silent, we know defendant was not acquitted here. Therefore, we need not infer an acquittal.

The law has long provided for just such circumstances. The trial court may declare a mistrial if the jury is unable to reach a verdict. (*Dreyer v. People*, 188 Ill. 40, 58 N.E. 620, *aff'd*, 187 U.S. 71, 47 L. Ed. 79, 23 S. Ct. 28.) However, it is a well-established rule that the State is entitled to retry defendant on the same charge and the doctrine of double jeopardy is not a bar to this subsequent prosecution. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165; *People v. Nilsson*, 44 Ill. 2d 244, 255 N.E.2d 432.

In light of such long-established principles of law, we cannot believe the legislature  intended to bar a retrial in circumstances such as those presented here. We hold, therefore, that an acquittal on a greater offense does not bar a subsequent prosecution on any lesser included offenses when these offenses are charged in the indictment, considered by the trier of fact and a mistrial is subsequently declared because the jury is unable to reach a verdict as to the included offenses.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.

SULLIVAN and BARRETT, JJ., concur.