THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KEITH G. KETTLER, Defendant-Appellee.

Fourth District   No. 4—82—0242

Opinion filed March 3, 1983.—Rehearing denied March 30, 1983.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The prosecution appeals from the "Order dismissing Counts alleging Aggravated Battery and Armed Violence preventing a retrial on said counts following a mistrial."

The trial court's memorandum framed the issue in the language:

"Does a verdict, judgment and sentence of a lesser included offense (reckless conduct) bar a retrial on the charges of aggravated battery and armed violence where the charges arose from a single act or course of conduct and a jury has been unable to reach a verdict on the charges of aggravated battery and armed violence?''

In bare summary of the evidence, defendant was stopped by a police officer late at night but no arrest was made. Defendant then followed the officer to the latter's home and fired two pistol shots, one of which struck the officer in the arm. Charges under the Criminal Code of 1961 relevant to this appeal included one count for attempted murder, three counts of aggravated battery, one count of armed violence and one count of unlawful use of firearms. Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 12—4, 33A—2, 24—1.

The jury was instructed in the language and frame of Illinois Pattern Jury Instruction, Criminal Nos. 2.01, 11.13, 11.14 (2d ed. 1981) (hereinafter cited as IPI Criminal) upon the following: (1) reckless con-

duct is an included offense upon the charges heard (No. 2.01), (2) "reckless" was defined (No. 11.13) and the issues in the offense of reckless conduct were stated (No. 11.14).

There was also an Illinois Pattern Jury Instruction in the language of No. 26.01 (IPI Criminal No. 26.01):

"The defendant is charged with the offenses of attempt murder, aggravated battery, armed violence, reckless conduct and unlawful use of weapons. As to the offenses of aggravated battery there are three counts charged. You will receive 15 forms of verdict. As to each charge you will be provided with the 'not guilty,' 'guilty,' and 'not guilty by reason of insanity' form of verdict."

An entry signed by the trial judge noted that during the deliberations certain written questions were submitted by the jury to the court and made a part of the court file. The entry continues:

"Jury returns into open court with verdict of not guilty of attempt murder, guilty of unlawful use of weapons, and guilty of reckless conduct. No verdicts are returned on offenses of armed violence and aggravated battery due to inability of jury to agree on a verdict on said charges.

The court enters judgment on verdicts of attempt murder and unlawful use of weapons. Court reserves ruling as to entry of judgment on verdict as to offense of reckless conduct. Court tentatively declares mistrial as to offense of armed violence and aggravated battery and discharges jury thereon. Defendant's movement for acquittal on aggravated battery and armed violence based on reckless [conduct] verdict denied."

The record discloses that the trial court did not thereafter enter any mistrial upon the charges of aggravated battery and armed violence on which the jury could not agree, but disposed of the matters with the following procedure: Defendant filed a motion to dismiss the charges of aggravated battery and armed violence, urging that double jeopardy had attached upon the return of the verdict of guilty upon the charge of reckless conduct. In colloquy during argument, the trial court stated that he found no reason why the court should not enter judgment on that verdict of guilty and that he did so without "deciding any ramifications as to double jeopardy."

The prosecution thereafter filed a motion to set the charges of aggravated battery and armed violence for trial. Briefs were filed and argument heard. Thereafter, the trial court filed its memorandum opinion and entered orders which denied the motion to set the charges for trial, and granted defendant's motion for discharge upon

the several charges of aggravated battery and armed violence.

The rationale of the trial court appears to be stated as follows:

"Since all the charges in this case arose from a single act or course of conduct, it is clear that the conviction of reckless conduct could not stand if defendant were convicted of either aggravated battery or armed violence. Since the defendant has already been convicted of and sentenced on the charge of reckless conduct, there is no way the conviction of reckless conduct could be vacated if the defendant in a new trial was convicted of either aggravated battery or armed violence.

Admittedly, this case is noteworthy in that had the jury been unable to reach a verdict on all counts, I would have ordered a new trial and rejected a bar of double jeopardy. But the facts are contrary and in my opinion, the defendant cannot be retried."

We have noted that the trial court "tentatively" declared a mistrial as to the several charges upon which the jury was unable to agree, but that upon the event he did not do so, but rather discharged the defendant. We conclude that there was an abuse of discretion in failing to declare a mistrial upon the felonies charged and upon which the jury was unable to agree and reverse.

■■ The measure of judicial discretion in constitutional terms is declared in *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066. There, a jury had been impaneled and sworn but before evidence was introduced it was found that there was a fatal defect in the indictment of jurisdictional stature sufficient to overturn a final judgment of conviction on appeal. The trial court granted a mistrial. Defendant was thereafter convicted. The Court of Appeals held that despite the fact that defendant had not been convicted or acquitted, *habeas corpus* should be granted for the reason that jeopardy had attached when the jury was impaneled and sworn, and that a declaration of mistrial over objection precluded a retrial under a valid indictment. The Supreme Court reversed with a quotation of Mr. Justice Story in *United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165:

"We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would

render it proper to interfere." 410 U.S. 458, 461, 35 L. Ed. 2d 425, 429, 93 S. Ct. 1066, 1069.

The *Somerville* opinion continues to say:

"This formulation, consistently adhered to by this Court in subsequent decisions, abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial. The broad discretion reserved to the trial judge in such circumstances has been consistently reiterated in decisions of this Court." 410 U.S. 458, 462, 35 L. Ed. 2d 425, 429, 93 S. Ct. 1066, 1069.

In *People v. Mays* (1962), 23 Ill. 2d 520, 524, 179 N.E.2d 654, 656, the court stated:

"We do not think a court errs in discharging a jury when it is apparent it is hopelessly deadlocked. In the case of *People v. DeFrates*, 395 Ill. 439, cited by defendant, a jury was dismissed after three days of trial when it had deliberated only 45 minutes. In the *DeFrates* case we held that the law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever, in the court's opinion, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. Courts are to exercise a sound discretion on the subject and it is impossible to define all the circumstances which would render it proper to interfere. We are of the opinion that such a discharge constitutes no bar to further proceedings and gives no right of exemption to the prisoner from being again put on trial."

This language was quoted and adopted in *People v. Bean* (1976), 64 Ill. 2d 123, 127-28, 355 N.E.2d 17, 19. We conclude that the standard in Illinois concerning the exercise of discretion in the granting of a mistrial mirrors that of the United States Supreme Court in *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.

An example of the appropriate exercise of judicial discretion in finding a mistrial is developed in *Crawford v. United States* (D.C. Cir. 1960), 285 F.2d 661, where defendant was charged with a felony and a misdemeanor. The jury reported its verdict "guilty as charged." The trial court dismissed the jury to return for duty upon a subsequent case. Some jurors thereafter advised that they had never voted on the felony charge, and upon such determination the court *sua sponte* set aside the entire verdict and ordered a new trial. Defendant's motion for judgment of acquittal and the renewed plea of former jeopardy were denied. Defendant was found guilty and sentenced on both the

felony and misdemeanor. It was contended that the trial court erred in denying the plea of former jeopardy. The opinion notes that there had been no legal verdict on the felony count prior to the discharge of the jury, and the reviewing court stated:

"However, since the jury had exhibited a considerable degree of confusion as to what it had actually done, and it could not be reassembled, we hold that it was within the discretion of the trial court to refrain from sentencing on the verdict as rendered and, instead, to set aside the entire verdict and order a new trial. Under these circumstances this case is well within the class of cases in which the defendant's valuable right to be free from subsequent jeopardy must 'be subordinated to the public's interest in fair trials designed to end in just judgments.' " 285 F.2d 661, 663.

■ Defendant argues that the felony offenses charged cannot be further litigated as the mental state of defendant was necessarily determined by the verdict finding reckless conduct, and that defendant cannot again be tried where the measure of the mental state is intentional or knowing.

That is patently incorrect, for the trial court stated into the record that the jury could not agree upon the three counts of aggravated battery and the count for armed violence. The note from the jury to the court, and filed with the record, includes the language:

"We are hung over the following:
Aggravated battery because of knowingly and intentionally caused bodily harm to Mr. White."

The same record negates defendant's assertion of collateral estoppel upon a finding of controlling fact as found in *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189.

Defendant argues that section 3—4(a)(2) of the Criminal Code of 1961 is a statutory provision determining the issue of mental state in its language that prosecution is barred if the defendant was formerly prosecuted for the same offense, and if such prosecution "[w]as terminated by a final order or judgment *** which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution." (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(a)(2).) We deem argument upon such provision inapposite to the issue presented for there was no "final order or judgment *** inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution."

■ Defendant notes that section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)) also contains the sen-

tence "A conviction of an included offense is an acquittal of the offense charged," and argues that such statute suffices to bar further proceedings upon all felonies as charged. It is patent that such provision cannot be read mechanically for a jury may, and frequently does, return verdicts of guilty upon both the charged offense and its lesser included offense. (See *People ex rel. Carey v. Scotillo* (1981), 84 Ill. 2d 170, 417 N.E.2d 1356; *People v. Bone* (1982), 103 Ill. App. 3d 1066, 432 N.E.2d 329; and *People v. Burnette* (1981), 97 Ill. App. 3d 1015, 423 N.E.2d 1193.) A literal and mechanical application of the quoted language would result in a conviction only of the lesser included offense despite a finding of guilt upon the charged offense. We conclude that it is more rational to interpret the provision to apply to those instances where the jury returned a verdict only upon the lesser offense and was silent as to the charged offense. Such result has been termed an "implicit acquittal" upon the charged offense. *Green v. United States* (1957), 355 U.S. 184, 190, 2 L. Ed. 2d 199, 206, 78 S. Ct. 221, 225.

It appears that an "implicit acquittal" was the product of the former IPI Criminal No. 26.01, which included the language:

"You will be provided with _____ forms of verdict.

When you have unanimously agreed upon your verdict(s) *you will select the form(s) which reflect your verdict(s) and sign [it] [them] as I have stated.*" (Emphasis added.)

Where, as here, there was an uncharged lesser included offense, as well as the offense charged and the jury so chose, it was effectively invited to be silent upon the offense charged.

*People v. Keith* (1978), 66 Ill. App. 3d 93, 383 N.E.2d 655, is illustrative. Defendant was charged with murder, and the jury was also instructed upon voluntary and involuntary manslaughter. The guilty verdict returned was for involuntary manslaughter, and no other verdict was returned by the jury. The reviewing court found retrial required, and concluded that there was an "implied acquittal" of murder and voluntary manslaughter. We conclude that upon this record of jury disagreement, the doctrine of "implied acquittal" would be literally fictional.

While it is the reverse of the issue found here, we conclude that the opinion in *People v. Jenkins* (1976), 41 Ill. App. 3d 392, 354 N.E.2d 139, is illustrative of the need to interpret section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4) with consideration for the infinite complexities arising during jury trials upon criminal charges. Defendant was charged with one count of attempted murder and two counts of aggravated battery. The jury ac-

quitted of attempted murder, but were unable to agree upon the charges of aggravated battery and a mistrial was declared. When the prosecution sought retrial on the latter charges, defendant moved for dismissal, alleging double jeopardy. The trial court granted defendant's motion to dismiss. Upon review, the prosecution contended that dismissal was erroneous.

Defendant argued that section 3—4(b) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)) was designed to codify the law concerning double jeopardy, and barred subsequent prosecution on a lesser included offense following acquittal of the murder offense charged. The rationale was that defendant "could have been convicted" of the included offense. The reviewing court stated:

"We disagree. While defendant correctly paraphrases the rule of law set forth in section 3—4(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(b)), we think the statute was never intended to be applied when the lesser included offense was charged in the indictment and a mistrial was declared because the jury failed to agree on a verdict.

In our opinion the section defendant cites prohibiting subsequent prosecution as to crimes which 'defendant could have been convicted on the former prosecution' applies to those instances where defendant is charged with only the greater offense and the trier of fact acquits him of that offense, remaining silent as to all lesser included offenses. In such circumstances any doubt concerning what the jury determination might have been, had they considered any of the included offenses, is resolved in favor of defendant. Silence implies acquittal and defendant may not thereafter be retried on any of the offenses.

*** Although acquitting defendant of the greater offense, the jury was not silent as to the included offenses. They did consider the charges, however, were unable to reach a unanimous verdict as to guilt or innocence. Unlike the cases where the jury is silent, we know defendant was not acquitted here. Therefore, we need not infer an acquittal.

The law has long provided for just such circumstances. The trial court may declare a mistrial if the jury is unable to reach a verdict. [Citation.] However, it is a well-established rule that the State is entitled to retry defendant on the same charge and the doctrine of double jeopardy is not a bar to this subsequent prosecution." 41 Ill. App. 3d 392, 393-94, 354 N.E.2d 139, 140.

We have found useful language in *Stone v. Superior Court* (1982),

31 Cal. 3d 503, 519, 646 P.2d 809, 820, 183 Cal. Rptr. 647, 658, concerning the receipt of a partial verdict. While that supreme court was dealing with an implied verdict of acquittal upon a greater charged offense, the application of the language would have eliminated the syndrome of difficulties found here. The opinion instructed the trial judge:

> "When a trial judge has instructed a jury on a charged offense and on an uncharged lesser included offense, one appropriate course of action would be to provide the jury with forms for a verdict of guilty or not guilty as to each offense. The jury must be cautioned, of course, that it should first decide whether the defendant is guilty of the greater offense before considering the lesser offense, and that if it finds the defendant guilty of the greater offense, or if it is unable to agree on that offense, it should not return a verdict on the lesser offense." 31 Cal. 3d 503, 519, 646 P.2d 809, 820, 183 Cal. Rptr. 647, 658.

■ By reason of the conclusions reached we reverse the order of the trial court discharging defendant upon the separate charges of aggravated battery and armed violence upon which the jury could not agree and remand the cause for further proceedings not inconsistent with the views expressed.

We conclude that the rule of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, does not become operative upon the facts here presented. The usual instance of its application involves unambiguous verdicts upon those charges submitted and not where a mistrial has been declared on some verdicts and verdicts received on others. The rule of *King* speaks not of retrial or of the prohibition of a retrial but to multiple convictions arising from several offenses which result from a single act. Moreover, the error in entering judgment upon the verdict of reckless conduct is contrary to the rule of *King*, which is that the trial court is allowed and required to enter judgment on the most serious charge of which defendant has been convicted by the jury.

To aid the trial court we note the opinion in *People v. Rehberger* (1979), 73 Ill. App. 3d 964, 392 N.E.2d 395. Upon retrial, the issue of reckless conduct as an included offense should not be presented for the consideration of the jury.

If, upon retrial, the jury shall return a verdict or verdicts of guilty upon the charges of aggravated battery and armed violence, or either of them, any sentence imposed should provide credit for time served. *North Carolina v. Pearce* (1969), 395 U.S. 711, 719, 23 L. Ed. 2d 656, 665, 89 S. Ct. 2072, 2077.

The order of the trial court discharging the defendant upon the

charges of aggravated battery and armed violence is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded.

WEBBER, P.J., and LEWIS, J., concur.