THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN R. BROWN, Defendant-Appellant.

Fourth District   No. 4—84—0702

Opinion filed July 24, 1985.

McCULLOUGH, J., dissenting.

John P. Schwulst, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant was charged in the circuit court of McLean County, in a one-count indictment with the offense of calculated criminal drug conspiracy, in that he knowingly:

"[P]ossessed more than 10 grams of cocaine, with intent to deliver same to another, in violation of section 1401(b), Chap. 56½, Ill. Rev. Stat., and such violation was part of a conspiracy carried out with two or more other persons, and he obtained more than $500 from such violation or conspiracy, in violation of section 1405, Chapter 56½, Illinois Revised Statutes (1981)."

The State's evidence consisted of the testimony of Richard Wochholtz and Dwight Hansen, two men who had been arrested while attempting to deliver cocaine which had been provided to them by the defendant, John Brown.

Wochholtz testified that he and Hansen discussed means by which they could obtain some money. Hansen told Wochholtz that he had a good connection for cocaine, and they discussed purchasing one-half ounce of cocaine from the defendant. Wochholtz was to provide the cash for the purchase, and Hansen would provide the contacts.

The evidence showed that the defendant received $1,100 from them and wired the money to a source in Colorado. Hansen later delivered a small white envelope marked "Personal, John Brown," to Wochholtz. Inside the envelope were plastic bags containing cocaine. Wochholtz later separated *about* 2 grams of cocaine from what was in the plastic bags and replaced it with approximately 2 grams of B-12. When the substance in the bags was weighed it weighed 13.1 grams.

Both Wochholtz and Hansen entered pleas of guilty and testified at defendant's jury trial. At the close of the State's evidence the trial court granted defendant's motion for a directed verdict of acquittal as it related to the calculated criminal drug conspiracy charge; however, the court stated:

"And so it appears to me that this case at this point would

go to the jury on a possession of more than ten grams of cocaine with intent to deliver the same with another in violation of 1401(b) which is a lesser included offense. There is also a lesser included offense as to under ten grams that the Court, to be consistent with your argument and I think there is an arguable position to be made. There is also a lesser included offense of possession of less than ten grams of cocaine with intent to deliver, and that seems to me those are the two charges that this jury needs to be instructed on as lesser included offenses which are clearly remaining after the Court concludes the fact that there is not a calculated criminal drug conspiracy."

After a brief recess, and without further charges being filed, the parties reappeared before the court and the defendant entered a plea of guilty to possession of less than 10 grams of cocaine with intent to deliver to another. (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c).) Thereafter, the defendant was sentenced to a term of four years' imprisonment and fined the sum of $1,100.

The defendant appeals, contending: (1) possession of less than 10 grams of cocaine with intent to deliver to another is not an included offense of calculated criminal drug conspiracy; (2) the directed verdict for defendant on the charge of calculated criminal drug conspiracy constituted an acquittal of all offenses not specifically named in the indictment and the trial court lost subject matter jurisdiction after the directed verdict; (3) the trial court abused its discretion in sentencing the defendant when the trial court failed to consider whether granting defendant probation would be inconsistent with the ends of justice and in failing to grant probation when two other similarly situated defendants were sentenced to probation.

We first consider the issue as to whether or not possession of less than 10 grams of cocaine with intent to deliver to another is an included offense of calculated criminal drug conspiracy.

Section 405(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1405(b)) provides:

"(b) For purposes of this section, a person engages in a calculated criminal drug conspiracy when:

(1) he violates any of the provisions of subsections (a) or (b) of Section 401 or subsection (a) of Section 402; and

(2) such violation is part of conspiracy undertaken or carried on with two or more persons; and

(3) he obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy."

With respect to the controlled substance cocaine, section 401 of

the Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1401) provides:

"Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance. Any person who violates this Section with respect to:

(a) the following controlled or counterfeit substances and amounts, notwithstanding any of the provisions of subsections (b), (c), (d), (e), (f) or (g) to the contrary, is guilty of a Class X felony. The fine for violation of this subsection (a) shall not be more than $500,000:

\*\*\*

(2) 30 grams or more of any substance containing cocaine;

\* \* \*

(b) the following controlled or counterfeit substances and amounts, notwithstanding any of the provisions of subsections (a), (c), (d), (e), (f) or (g) to the contrary, is guilty of a Class 1 felony. The fine for violation of this subsection (b) shall not be more than $250,000:

\*\*\*

(2) more than 10 grams but not more than 30 grams of any substance containing cocaine;

\* \* \*

(c) any other amount of a controlled or counterfeit substance classified in Schedules I or II which is a narcotic drug is guilty of a Class 2 felony. The fine for violation of this subsection (c) shall not be more than $200,000."

Section 402 of the Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1402) provides:

"Except as otherwise authorized by this Act, it is unlawful for any person knowingly to possess a controlled or counterfeit substance. Any person who violates this Section with respect to:

(a) the following controlled or counterfeit substances and amounts, notwithstanding any of the provisions of subsection (b) to the contrary, is guilty of a Class 1 felony for which an offender may not be sentenced to death. The fine for violation of this subsection (a) shall not be more than $200,000:

\*\*\*

(2) 30 grams or more of any substance containing cocaine."

From the foregoing, it is apparent that one who manufactures or delivers, or possesses with intent to manufacture or deliver more than 10 grams of a substance containing cocaine, or possesses more than

30 grams of a substance containing cocaine, and does so as a part of a conspiracy with two or more persons, and obtains anything of value greater than $500 from, or organizes, directs or finances such violation or conspiracy, commits the offense of calculated drug conspiracy. It is further apparent that manufacture or delivery, or possession of *less* than 10 grams of cocaine does not come within the definition of a calculated criminal drug conspiracy *per se*. Is it then an included offense of calculated criminal drug conspiracy?

■ Included offense is defined in section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 2—9), which states:

" 'Included offense' means an offense which:

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged."

The courts have stated that an included offense is an offense which contains some, but not all, of the elements of the greater offense, and contains no element not included in the greater. *People v. Pumphrey* (1983), 115 Ill. App. 3d 1031, 451 N.E.2d 961; *People v. Hefley* (1982), 109 Ill. App. 3d 74, 440 N.E.2d 173.

The statute defining calculated criminal drug conspiracy specifically designates the elements necessary to establish the commission of that offense. Possession with intent to deliver less than 10 grams of cocaine is not such a designated element.

■ Our supreme court has specifically refused to adopt what is called the inherent-relationship test with reference to included offenses. In *People v. Dace* (1984), 104 Ill. 2d 96, 102, 470 N.E.2d 993, 996, the court stated:

"In our opinion the inherent-relationship test, if applied in the manner urged by defendant, would be counterproductive. The contentions concerning what constitutes a lesser-included offense are, of course, limited by the statutory definition, but the contentions concerning which offenses serve to protect 'the same interests' would be limited only by the ingenuity of counsel. In our opinion it would be very nearly impossible to formulate general governing principles and would require decision on an *ad hoc* basis depending upon the evidence adduced. We decline, therefore, the invitation to adopt the inherent-relationship test as espoused by defendants."

■ We conclude that possession with intent to deliver less than 10 grams of cocaine is *not* an included offense of calculated criminal drug conspiracy and that defendant's conviction of this offense is therefore reversible error.

We need not and do not consider the defendant's other contentions concerning error.

The order of the circuit court of McLean County denying the defendant's motion to withdraw his plea of guilty, and to vacate the judgment entered on that plea, is reversed and the cause is remanded with directions to the trial court to show that the plea of guilty is withdrawn and the judgment entered on the plea vacated.

Reversed and remanded with directions.

WEBBER, J., concurs.

JUSTICE McCULLOUGH, dissenting:

I respectfully dissent, as I would reverse on the second issue raised by the defendant, the effect of the trial court's entering a directed verdict in his favor on the charge of calculated criminal drug conspiracy. Further, I would not reverse the trial court upon the issue treated by the majority.

The defendant maintains that the trial court's entry of a directed verdict on the charge of calculated criminal drug conspiracy constituted an acquittal of all offenses not specifically named in the indictment, and urges that the trial court thereby lost subject matter jurisdiction to proceed on what the court regarded as included offenses of that charged by the indictment. As argued by the defendant, section 3—3(b) of the Criminal Code of 1961 requires the State to join all offenses known at the time of the commencement of prosecution (Ill. Rev. Stat. 1983, ch. 38, par. 3—3(b)). Section 3—4(b)(1) of the Code provides that a prosecution is barred if the defendant was formerly prosecuted for a different offense, if such former prosecution resulted in *an acquittal,* and the subsequent prosecution is for an offense with which the defendant should have been charged on the former prosecution, as provided in section 3—3 (Ill. Rev. Stat. 1983, ch. 38, par. 3—4(b)(1)). An acquittal of the greater offense is a bar to prosecution for any included offenses under section 3—4, as was stated in *People v. Harrison* (1946), 395 Ill. 463, 466, 70 N.E.2d 596, 598:

"The defense of former acquittal or former conviction is a substantial defense which is as old as the law itself. It is elementary that the acquittal of a defendant on an indictment for an offense which includes lesser offenses, operates also as an acquittal, and as a bar to any subsequent prosecution, of all included lesser offenses of which he might have been convicted on the indictment charging the higher offense."

(See also this court's decisions on compulsory joinder in *People v. Baker* (1979), 77 Ill. App. 3d 943, 397 N.E.2d 164, and *People v. Murray* (1982), 106 Ill. App. 3d 50, 435 N.E.2d 772.) The authority for a trial court to grant a "conditional" or "partial" directed verdict so as to leave an included offense of that charged before the court is not apparent. Although the defendant argues that the trial court's action in entering a directed verdict on the charged offense left the court without jurisdiction to proceed, I conclude that the crux of the problem is the absence of any *charge* left pending, by the operation of the law, after the entry of a directed verdict on the only charged offense.

The State maintains that it is not necessary that included offenses be named in the indictment in order for the defendant to be convicted of them (*People v. Herbert* (1972), 6 Ill. App. 3d 938, 287 N.E.2d 33; *People v. Evans* (1980), 87 Ill. App. 3d 714, 409 N.E.2d 562); and that, as a general rule, the trier of fact may discharge the accused of the greater offense charged and convict him of an included offense if the evidence justifies it (*People v. Lyons* (1974), 26 Ill. App. 3d 193, 198, 324 N.E.2d 677, 680; *People v. Dugas* (1923), 310 Ill. 291, 300, 141 N.E. 769, 772). With these basic precepts, I agree. However, I would differentiate between the defendant's being *convicted* of an included offense of that charged in the indictment, as compared to proceeding against the defendant on "included offenses" under the indictment after entry of a *directed verdict* on the only charged offense.

*Herbert* does not hold to the contrary. In that case the defendant was indicted for the offense of unlawful sale of narcotic drugs. After a bench trial, the defendant was found not guilty on that charge, but was found guilty of the included offense of unlawful possession of narcotics. In *Evans* the defendant was charged with the offenses of robbery and theft. In the course of his bench trial, he moved for a directed verdict of acquittal on all charges. That motion was granted as to the theft charge; and he was later acquitted of the robbery charge, but found guilty of assault as an included offense thereof. The reviewing court held that assault was not an included offense of robbery and reversed the judgment of the circuit court. I conclude that *Evans* is not dispositive of the issue raised by the defendant, as the trial court therein granted a directed verdict only as to the theft charge; the case proceeded on the robbery charge on which the defendant was subsequently acquitted. A charge made out by the indictment had survived the motion for a directed verdict.

The State next argues the trial court did not acquit the defendant of the included offense(s) by acquitting him of the greater offense, because the judge *specifically stated* he was allowing the motion for a

directed verdict as to the charged offense but not as to the two offenses he regarded as included offenses. The State bases this argument on *People v. Jenkins* (1976), 41 Ill. App. 3d 392, 354 N.E.2d 139, and *People v. Kettler* (1983), 112 Ill. App. 3d 1061, 446 N.E.2d 550. Both cases involved review of trial court rulings where the State sought to retry the defendant, after a mistrial was declared, of charged offenses on which the jury was unable to reach a verdict.

The State relies on a passage in *Jenkins* interpreting section 3—4(b), prohibiting a subsequent prosecution, as applicable when the "defendant is charged with only the greater offense and the trier of fact acquits him of that offense, *remaining silent* as to all lesser included offenses" (emphasis added) (*People v. Jenkins* (1976), 41 Ill. App. 3d 392, 393, 354 N.E.2d 139, 140), *i.e.*, in circumstances when the doctrine of implicit acquittal would apply.

*Jenkins* and *Kettler* hold that the trial court may declare a mistrial as to charged offenses on which the jury is unable to reach a verdict; and that double jeopardy does not bar subsequent prosecution for those offenses. When a mistrial is declared because the jury is unable to reach a verdict on a charged offense, there is no acquittal (Ill. Rev. Stat. 1983, ch. 38, par. 2—1). That circumstance is not comparable to the entry of a directed verdict on the only charged offense.

According to the State's position, a trial judge may enter a directed verdict in favor of a defendant on the only charged offense, but reserve *uncharged* included offenses just by so stating. I disagree. Section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—4(k)) provides:

> "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant."

I would hold that the language of this statute is plain, and it does not authorize the entry of a directed verdict which amounts to an acquittal of two out of three *elements* of the charged offense, a Class X felony, so as to leave pending before the court an element which is itself an included offense—possession with intent to deliver *more than* 10 grams of cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(b)(2))—a Class 1 felony; or *its* included offense—possession of cocaine *under 10 grams* with intent to deliver, see, *e.g.*, "any other amount" (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c))—a Class 2 felony. I would note parenthetically that the indictment herein charged the defendant with

possession of "more than 10 grams of cocaine," rather than charging him in terms of a quantity of "any substance containing cocaine" as used in the statute.

In this regard, I disagree with the decision in *People v. Helms* (1971), 133 Ill. App. 2d 727, 734, 272 N.E.2d 228, 233, wherein the appellate court for the third district rejected the defendant's argument that when the trial court directed a verdict in his favor on the charge of murder at the close of the State's case, that action disposed of all issues framed by the one-count indictment, so that the included charge of voluntary manslaughter was not preserved. The *Helms* court rejected this argument in one paragraph, stating that the defendant was not surprised in his preparation of a defense, the jury was adequately instructed, and the defendant was not prejudiced by the procedure. I would find the prejudice inherent in this procedure to be clear. (*People v. Helms* (1971), 133 Ill. App. 2d 727, 272 N.E.2d 228.) The court observed that convictions of manslaughter under murder indictments are common, citing *People v. Turner* (1944), 385 Ill. 344, 52 N.E.2d 712, and *People v. Johnson* (1964), 54 Ill. App. 2d 27, 203 N.E.2d 283. Again, I emphasize the distinction between *entering a conviction* on an included offense of the offense charged by the indictment, or on *instructing on* included offenses shown by the evidence upon request by the defendant—as compared to going forward on uncharged included offenses *after directing a verdict* in a defendant's favor on the only charged offense. The same rule ought not apply in the latter case.

The granting of a motion to direct a verdict is an acquittal and constitutes a final adjudication on the merits of those *charges* affected by the motion. (See *People v. Young* (1983), 116 Ill. App. 3d 984, 993, 452 N.E.2d 718, 724; *In re L.R.* (1982), 106 Ill. App. 3d 244, 247-48, 435 N.E.2d 908, 911; *People v. Stout* (1982), 108 Ill. App. 3d 96, 99, 438 N.E.2d 952, 954-55; *People v. Gallas* (1966), 77 Ill. App. 2d 132, 140, 221 N.E.2d 782, 787 (trial court directing a verdict as to one count).) An acquittal occurs when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. (*People v. Wallerstedt* (1979), 77 Ill. App. 3d 677, 680, 396 N.E.2d 568, 570.) The legal effect of a directed verdict is to bar, under double jeopardy principles, its vacation or reversal. *People v. Stout* (1982), 108 Ill. App. 3d 96, 438 N.E.2d 952; *In re L.R.* (1982), 106 Ill. App. 3d 244, 435 N.E.2d 908; *In re R.K.K.* (1983), 112 Ill. App. 3d 982, 446 N.E.2d 307; *People v. Poe* (1984), 121 Ill. App. 3d 457, 462, 459 N.E.2d 667, 671; *People v. Hutchinson* (1975), 26 Ill. App. 3d 368,

370, 325 N.E.2d 115, 117; *People v. Gallas* (1966), 77 Ill. App. 2d 132, 221 N.E.2d 782.

These rules adhere upon consideration of a *charge* of calculated criminal drug conspiracy, despite the fact that the legislature has seen fit to specify an included offense, violation of "any of the provisions of subsections (a) or (b) of Section 401 or subsection (a) of Section 402," as an element of the offense. (Ill. Rev. Stat. 1983, ch. 56½, par. 1405(b)(1).) Simply put, no element of the charged offense survives the entry of a directed verdict on the charged offense. Section 102—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 102—8) provides:

> " 'Charge' means a *written statement presented to a court* accusing a person of the commission of an offense and includes complaint, information and indictment." (Emphasis added.)

The term "charge," as well as the latter terms (see Ill. Rev. Stat. 1983, ch. 38, pars. 102—9, 102—11, 102—12), presuppose action by an authority apart from the court and presentment thereof to the court. As no such other written charges were presented, after entering the directed verdict there existed no charge on which the court could permit the State to proceed against the defendant, and no charge upon which he could enter a plea, or which could sustain a conviction.

Subsequent to *Helms,* the third district in *People v. Wallerstedt* (1979), 77 Ill. App. 3d 677, 681, 396 N.E.2d 568, 571, interpreted its decision in *People v. Trump* (1978), 62 Ill. App. 3d 747, 748, 379 N.E.2d 370, 371, as finding that under section 115—4(k), permitting the trial court to direct a verdict in favor of the defendant either at the close of the State's case or at the close of all the evidence, the trial court may reserve ruling on the motion made at the close of all of the evidence until after the jury has returned its verdict. (See also *People v. Easter* (1981), 102 Ill. App. 3d 974, 430 N.E.2d 612; *People v. Faulkner* (1978), 64 Ill. App. 3d 453, 457, 381 N.E.2d 321, 324.) That procedure was not followed here.

For the reasons stated, I would treat the directed verdict issue as dispositive, and I would reverse. The law requires that the defendant's conviction be reversed. No uncharged included offense survived the entry of a directed verdict upon the pending charge. The trial court erred in suggesting otherwise.

On the issue discussed in the majority opinion, I agree that the charge of possession with intent to deliver *less* than 10 grams of cocaine (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)) does not come within the definition of a calculated criminal drug conspiracy *per se.* I do not find this holding, however, to require vacating the judgment entered

on defendant's plea of guilty to that offense.

The offense of calculated criminal drug conspiracy incorporates as an element a threshold quantity requirement. Nevertheless, if, in fact, an uncharged included offense could survive the entry of a directed verdict on the charged offense—so as to permit the court to entertain a plea of guilty—it was the offense of possession with intent to deliver *more than 10 grams* of cocaine. If, as the trial court believed, the defendant could have gone forward in front of the jury on that offense, or could have pleaded guilty thereto, I conclude that he could also negotiate with the State and enter a plea of guilty on the included offense of *that* charge, *i.e.*, possession with intent to deliver *less than 10 grams* of cocaine. This is what defense counsel, defendant, the State, and the trial court went on to do, under an open plea agreement.

It appears to me that the majority opinion, as it declines to consider the directed verdict issue, reaches a result which elevates semantics over substance in reversing the trial court. Further, by not discussing the directed verdict problem, the majority appears to sanction proceedings against a defendant in the absence of pending charges. This is an unprecedented result in which I cannot concur.