THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
KAY ANN KROGUL, Defendant-Appellant.

Second District   No. 82—623

Opinion filed May 27, 1983.

Paul A. McWilliams, of Palatine, and Edwin J. Belz, of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant was indicted on three counts of murder (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1(a)(1), (2)), and one count of voluntary manslaughter (Ill. Rev. Stat. 1981, ch. 38, par. 9—2(b)). The State entered a *nolle prosequi* on the voluntary manslaughter count before trial. At trial, both the defendant and the State tendered an instruction on voluntary manslaughter, and the State's instruction was given to the jury which tried the case. Defendant also submitted an instruction on justifiable use of force or self-defense, which was also given to the jury. A not guilty verdict was returned for the offense of murder, and a judgment of acquittal was entered on that charge. The jury was unable to reach a verdict on the voluntary manslaughter charge, and a mistrial was declared.

The State attempted to continue the voluntary manslaughter prosecution, whereupon defendant filed a motion to dismiss claiming that the prosecution was barred by the previous *nolle prosequi* and acquittal. The motion was denied, and defendant appeals pursuant to Supreme Court Rule 604(f) (87 Ill. 2d R. 604(f), effective July 1, 1982).

Defendant contends that her motion to dismiss was erroneously denied because after the *nolle prosequi* of the voluntary manslaughter count and her acquittal of murder, nothing was pending before the court. She further claims that a retrial of the voluntary manslaughter charge is barred by her former acquittal of the greater offense of murder. (See Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1).) For the reasons that follow, we believe defendant's contentions are without merit.

The crime of voluntary manslaughter is a lesser included

offense of murder, and an accused may be convicted of voluntary manslaughter under an indictment for murder if the evidence warrants such a finding. (*People v. Fausz* (1982), 107 Ill. App. 3d 558, 562, 437 N.E.2d 702; *People v. Ellis* (1982), 107 Ill. App. 3d 603, 611, 437 N.E.2d 409; *People v. Burks* (1981), 103 Ill. App. 3d 616, 619, 431 N.E.2d 1085.) Thus, it is clear that the indictment for murder was sufficient to apprise defendant of the charge of voluntary manslaughter. (*People v. Simmons* (1982), 93 Ill. 2d 94, 100-01, 442 N.E.2d 891.) The State's *nolle prosequi* of the voluntary manslaughter count is therefore of no legal significance, and that count need not be revived by the State in order for the court to retain jurisdiction over the defendant as to that charge. We also note that defendant herself raised the issue of justifiable use of force in the initial trial, submitted an instruction on this issue to the jury, and there was evidence to support this defense. Under these circumstances, an instruction on voluntary manslaughter was required, and a failure to do so would have constituted reversible error on appeal. (*People v. Manley* (1982), 104 Ill. App. 3d 478, 483-84, 432 N.E.2d 1103; *People v. Smith* (1981), 94 Ill. App. 3d 969, 972-73, 419 N.E.2d 404; *People v. Lockett* (1980), 82 Ill. 2d 546, 550, 413 N.E.2d 378.) The charge of voluntary manslaughter was therefore properly before the jury in the original trial of this cause.

■ It is also well established that where a trial court, absent an abuse of discretion, discharges a jury because of its failure to reach a verdict, the constitutional prohibition against double jeopardy does not bar a new trial on that charge. (*People v. Rehberger* (1979), 73 Ill. App. 3d 964, 969, 392 N.E.2d 395; *People v. Bean* (1976), 64 Ill. 2d 123, 128, 355 N.E.2d 17; *Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.) Defendant has not alleged an abuse of discretion in the trial court's discharge of the jury. Thus, it must be presumed no abuse of discretion occurred. It is therefore evident that the reprosecution of defendant on the voluntary manslaughter charge is not barred on double jeopardy grounds.

■ ■ Finally, defendant claims the retrial is barred by the compulsory joinder provisions of sections 3—3(b) and 3—4(b)(1) of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, pars. 3—3(b), 3—4(b)(1).) Section 3—3(b) provides:

> "(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act."

Section 3—4(b)(1) provides:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:
>
> (1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began ***."

Defendant claims that because she was formerly acquitted of the offense of murder arising out of the same occurrence as that which forms the basis of the voluntary manslaughter charge, that acquittal acts as a bar to her subsequent prosecution for voluntary manslaughter.

As previously stated, an indictment for murder allows a defendant to be convicted of the lesser included offense of voluntary manslaughter. (*People v. Fausz* (1982), 107 Ill. App. 3d 558, 562, 437 N.E.2d 702; *People v. Goolsby* (1979), 70 Ill. App. 3d 832, 836, 388 N.E.2d 894.) Thus, the voluntary manslaughter charge was not required to be formally joined under section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—3(b)). Further, section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1)) is inapplicable in circumstances such as exist here. That section has been held to bar prosecutions which could have been brought in the first trial of the cause, but were not (*People v. Goolsby; cf. People v. Harrison* (1946), 395 Ill. 463, 70 N.E.2d 596), or prosecutions of a lesser included offense where the defendant was previously charged with and acquitted of the greater offense and the trier of fact in the first trial was silent as to lesser included offenses. In the latter situation, acquittal of the lesser offenses is implied by the jury's silence. (See *People v. Chatman* (1981), 102 Ill. App. 3d 692, 698, 430 N.E.2d 257; *People v. Jenkins* (1976), 41 Ill. App. 3d 392, 393, 354 N.E.2d 139.) Neither of those situations exist in the present case. The voluntary manslaughter charge was implicitly joined with the murder charge in the original prosecution, and although the defendant was acquitted of murder, the jury was not silent as to the voluntary manslaughter offense. The record reveals the jury was instructed on that

charge and considered it, but was unable to return a unanimous verdict of either guilt or innocence. Under these circumstances, the jury was not silent on the voluntary manslaughter charge, and an acquittal of that charge need not be inferred from silence. Accord, *People v. Chatman; People v. Jenkins.*

■ A similar situation existed in *People v. Jenkins* (1976), 41 Ill. App. 3d 392, 354 N.E.2d 139. In that case, the defendant was indicted for attempted murder and the lesser included offense of aggravated battery. Following a jury trial, defendant was acquitted of attempted murder, but a mistrial was declared when the jury was unable to reach a verdict on the aggravated battery charges. The State attempted to reprosecute defendant for aggravated battery, and defendant filed a motion to dismiss, claiming section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(b)(1)) barred a subsequent prosecution of the lesser included offense following acquittal on the greater offense. The trial court granted the motion, but the appellate court reversed, stating that section 3—4(b) was "never intended to be applied when the lesser included offense was charged in the indictment and a mistrial was declared because the jury failed to agree on a verdict." (41 Ill. App. 3d 392, 393, 354 N.E.2d 139.) Defendant here distinguishes *Jenkins* from the instant case on the ground that in *Jenkins* defendant was formally indicted on the lesser included offense, whereas here the formal indictment on the lesser offense was nol-prossed by the State. While this distinction does exist, it is in our opinion of little significance in light of established case law permitting a voluntary manslaughter conviction upon an indictment for murder. One of the principal purposes of an indictment is to put the defendant on notice of what he stands charged with so that he might adequately prepare his defense. Having once gone through a trial on these charges, the defendant certainly had such notice. (*People v. Brownell* (1980), 79 Ill. 2d 508, 524, 404 N.E.2d 181, *cert. dismissed* (1980), 449 U.S. 811, 66 L. Ed. 2d 14, 101 S. Ct. 59; *People v. Sims* (1982), 108 Ill. App. 3d 648, 651, 439 N.E.2d 518.) We therefore find the *Jenkins* case controlling here, despite the absence of a formal indictment for the lesser included offense of voluntary manslaughter.

Accordingly, the decision of the circuit court of Lake County denying defendant's motion to dismiss is affirmed.

Affirmed.

SEIDENFELD, P.J., and REINHARD, J., concur.