THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT TIMBERSON, Defendant-Appellant.

Fifth District   No. 5—87—0855

Opinion filed August 30, 1989.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Scott Timberson, was charged with first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1) in St. Clair County, Illinois. After a jury trial the defendant was found guilty of second degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—2) and was sentenced to 12 years' imprisonment. On appeal the defendant claims: (1) that the trial court erred in refusing to instruct the jury on the issue of self-defense; and (2) that the trial court abused its discretion in sentencing defendant. We reverse and remand for a new trial.

The evidence adduced at trial showed that on July 5, 1987, the defendant, then 16 years old, was walking with his younger brother

Michael and a friend, Edwin Mumford, to a skating rink located in East St. Louis, Illinois. A passing car stopped and two men got out and accused Michael of beating up their brother. Michael denied any knowledge of the incident and the men eventually left. The boys then decided that they needed some protection, so they went to the defendant's house, where the defendant obtained a gun that he had purchased some weeks earlier from someone on the street. The three then continued on to the skating rink, where the defendant hid the gun in a nearby alley before entering the rink. While inside the skating rink, the boys met the defendant's sisters, Gloria and Crystal, and DeAndre Jackson, and they all left the skating rink when it closed and began to walk home. In the meantime, Mumford had retrieved the gun from the alley and was carrying it in his waistband.

While the group was walking home, a car passed them and someone in the car shouted an obscene remark, apparently directed at Jackson. Jackson responded with a similar remark. The car then stopped, and the victim, Ray Manuel, got out of the car and approached the group. The area was dark and both Mumford and the defendant testified that they did not know the victim, although Mumford later recognized Manuel as an acquaintance from school. Manuel approached the group asking, "What's up?" and, according to the witnesses, acting in an aggressive manner. The defendant and several other witnesses testified that the victim reached into the waistband of his trousers, and they believed he was reaching for a gun. The defendant took his pistol from Mumford and fired a shot "to scare" the victim. Although the defendant and several witnesses testified that Manuel was facing the group when the shot was fired, he was struck in the back of the neck and subsequently died from the gunshot wound. The defendant, along with Mumford and Michael Timberson, ran from the scene of the shooting. After the police investigation of the shooting implicated the defendant, they asked him, on July 7, to come to the station for questioning. He did so, accompanied by his mother, and after initially denying involvement in the shooting, the defendant confessed.

At the jury instruction conference the defendant's attorney tendered a self-defense instruction (Illinois Pattern Jury Instructions, Criminal, No. 24—25.06 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 24—25.06)) which was refused by the trial court. IPI Criminal 2d No. 24—25.06 states:

> "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another."

The jury was instructed, however, concerning belief of justification as a mitigating factor in reducing the offense from first degree murder to second degree murder (Illinois Pattern Jury Instructions, Criminal, Nos. 7.05A, 7.06A (2d ed. Supp. 1989)). The jury found the defendant guilty of second degree murder. The defendant's post-trial motion was denied and he was sentenced to 12 years in prison.

The defendant's initial contention is that the trial court erred in refusing to instruct the jury on the issue of self-defense. The defendant argues that the testimony of DeAndre Jackson, Gloria Timberson, Edwin Mumford, and Michael Timberson that they believed Ray Manuel was reaching for a gun, as well as the defendant's testimony to the same effect, was sufficient to raise the issue of self-defense. In addition, the defendant notes that the earlier confrontation with the two men in the car also contributed to his fear when he was approached by another unknown figure (the victim) also alighting from a car.

The State argues that there was insufficient evidence presented at trial to warrant an instruction on self-defense. The State notes that the victim was shot in the back of the neck, and that the uncontradicted testimony of the pathologist established that it was impossible for the victim to be shot in such a manner if he were facing the defendant. The State also points out that several of the witnesses, in their initial statements to the police, stated that the victim turned back towards the car before he was shot. Furthermore, the State notes that the defendant's statement to the police was inconsistent concerning when he shot the victim:

"After I fired the shot, the guy continued to walk towards us, then he fell face down. The guy turned and started walking back towards the vehicle that he had gotten out of when he [sic] fired the shot. Then he fell down."

Finally, the State contends that the defendant's claim that the shooting was accidental is inconsistent with a claim of self-defense. At trial the following testimony was elicited from the defendant on direct examination:

"Q. Okay. What did you do with the gun?

A. Then, you know, by him not stopping, I pointed the gun off to my right side and fired a single shot.

Q. Did you shoot at him?

A. No, I shot in an attempt to scare him.

Q. You didn't shoot to try to shoot him, did you?

A. No."

■■ ■ To establish that a person acted in self-defense, he must show that unlawful force was threatened against him, that he was not the aggressor, and that he reasonably believed: (1) that the danger of harm was imminent; (2) that the use of force was necessary to avert the danger; and (3) that the kind and amount of force used was necessary. (*People v. Jaffe* (1986), 145 Ill. App. 3d 840, 852, 493 N.E.2d 600, 609; *People v. Lenzi* (1976), 41 Ill. App. 3d 825, 834, 355 N.E.2d 153, 162.) When there is some evidence in the record which, if believed by a jury, would support a defendant's claim of self-defense, he is entitled to have the jury instructed on his theory of self-defense. (*People v. Lockett* (1980), 82 Ill. 2d 546, 551, 413 N.E.2d 378, 381; *People v. Robinson* (1987), 163 Ill. App. 3d 754, 761, 516 N.E.2d 1292, 1298.) It has also been held that even "slight evidence" of self-defense is sufficient to support the giving of an instruction. *People v. Brooks* (1985), 130 Ill. App. 3d 747, 750, 474 N.E.2d 1287, 1289; see *Jaffe*, 144 Ill. App. 3d at 852, 493 N.E.2d at 609.

■■ In the instant case, we believe that there was ample evidence presented which, *if believed by the jury,* could have supported the defendant's claim of self-defense. The defendant, DeAndre Jackson, Gloria Timberson, Edwin Mumford, and Michael Timberson all testified that the victim, Ray Manuel, approached the group in a threatening manner, reached for something in his waistband, and each of them thought he was reaching for a gun or a weapon. While the witnesses' testimony that the victim was facing the defendant when he was shot was contradicted by their earlier statements to the police and by the location of the gunshot wound, we believe it was the province of the jury to evaluate such inconsistencies and resolve them one way or the other. The failure to instruct the jury on the theory of self-defense, however, precluded the jury from considering whether the defendant's belief that his actions were justified was a reasonable belief.

Moreover, it is apparent that the jury believed, at a minimum, that defendant subjectively believed that his use of force was justified. The jury was instructed on both first and second degree murder and found the defendant guilty of second degree murder. In order to do so, the jury had to find that the defendant "believed the circumstances to be such that they justified the deadly force he used, but his belief that such circumstances existed was unreasonable." IPI Criminal 2d No. 7.06A (Supp. 1989).

In *People v. Lockett* (1980), 82 Ill. 2d 546, 413 N.E.2d 378, our su-

preme court held that when the evidence supports the giving of an instruction on self-defense, a tendered instruction on voluntary manslaughter based upon an unreasonable belief of justification should also be given. The offense of voluntary manslaughter has since been replaced by the offense of second degree murder. (Pub. Act 84—1450, §2, eff. July 1, 1987.) However, with the major exception of placing the burden on the defendant to prove the factor in mitigation, the offense of voluntary manslaughter under the old statute, and second degree murder under the new statute, are substantially the same. Compare Ill. Rev. Stat. 1985, ch. 38, par. 9—2, with Ill. Rev. Stat. 1987, ch. 38, par. 9—2.

The instant case, however, does not present the same issue as that decided in *Lockett*; it is instead the converse situation. Nevertheless, while we do not find *Lockett* to be directly applicable to this case, we find it to be instructive.

"It is not the province of the judge to weigh the evidence and decide if defendant's subjective belief was reasonable or unreasonable. The judge's duty is to determine if any evidence is presented that the defendant had a subjective belief. We can conceive of no circumstance when a judge could determine, as a matter of law, that a jury could find the defendant had a reasonable subjective belief the killing was justified, but that the jury could not find the defendant's subjective belief was unreasonable. *So long as some evidence is presented from which a jury could conclude that defendant had a subjective belief, the jury should determine if the belief existed and, if so, whether that belief was reasonable or unreasonable.*" (Emphasis added.) *Lockett*, 82 Ill. 2d at 553, 413 N.E.2d at 382.

■ In the instant case there was sufficient evidence presented from which a jury could conclude that the defendant had a subjective belief that his use of force was justified. Indeed, as discussed above, the jury in fact found that the defendant believed he was justified, but that his belief was unreasonable. Because the jury was not instructed that it could find that the defendant's belief *was* reasonable, and that upon such a finding they should enter a verdict of not guilty, the defendant is entitled to a new trial. See *People v. Woodward* (1979), 77 Ill. App. 3d 352, 395 N.E.2d 1203 (holding that it was reversible error to refuse to give an instruction on self-defense where an instruction on voluntary manslaughter based on an unreasonable belief of justification was given).

■ Nor are we persuaded by the State's argument that the defendant's claim that the shooting was accidental precluded an in-

struction on self-defense. An instruction on self-defense may be given even though the defendant testifies that the shooting was accidental. (*People v. Whitelow* (1987), 162 Ill. App. 3d 626, 629, 515 N.E.2d 1327, 1329; *People v. Brooks* (1985), 130 Ill. App. 3d 747, 751, 474 N.E.2d 1287, 1290; see also *People v. Robinson* (1987), 163 Ill. App. 3d 754, 516 N.E.2d 1292 (and cases cited therein); see generally Annot., 15 A.L.R.4th 983 (1982); Annot., 55 A.L.R.3d 620 (1974).) In the instant case, while the defendant testified that he did not intend to shoot the victim, he claimed that his actions in taking and firing the gun were motivated by his fear of the victim. This was sufficient to "place the shooting in the context of self-defense." *Whitelow*, 162 Ill. App. 3d at 629, 515 N.E.2d at 1329.

In view of our disposition of this issue, we need not address the defendant's claim that the trial court abused its discretion in sentencing him to 12 years' imprisonment. Accordingly, the defendant's conviction is reversed and this cause is remanded to the circuit court for a new trial.

Reversed and remanded.

WELCH, P.J., and HARRISON, J., concur.