THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MELODY TRIPP, Defendant-Appellant.

Fifth District   No. 5—90—0175

Opinion filed February 26, 1991.

Richard E. White, of Murphysboro, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On May 20, 1988, defendant, Melody A. Tripp, was charged by a three-count indictment with armed violence predicated on theft of a motor vehicle, theft of a motor vehicle, and theft over $300. The case was tried to a court sitting without a jury on October 26 and 27, 1988. At the conclusion of all the evidence, and during his closing argument, defendant's counsel argued that section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1)), which establishes the offense of theft of a motor vehicle, had been declared unconstitutional and therefore could not serve as the predicate offense for the charge of armed violence. This argument had not been raised previously by defendant. Defendant's counsel also argued the sufficiency of the evidence to convict defendant on any of the counts and asked the court to enter a verdict of not guilty on all counts. The court took the matter under advisement.

On November 2, 1988, the court announced its decision in open court and entered a written memorandum of decision and judgment. The court agreed with defendant that the statute establishing the offense of theft of a motor vehicle was unconstitutional and accordingly dismissed counts I and II of the indictment for failure to state an of-

fense. The court found the defendant guilty of count III, theft over $300. The court also held:

"To make the record abundantly clear with regard to Count I and Count II, the court will also find that the State has sustained its burden of proof as to each of those counts, but, in view of the constitutional infirmities contained in this statute, no judgment of guilty will be entered as these charges do not state an offense. This finding is made in the unlikely event that this judgment is set aside on review by either the Appellate or Supreme Court and the question arises as to the trial court's assessment of the evidence before it on Count I and Count II."

The State filed a motion to reconsider, which was denied on November 21, 1989. On that same date, defendant was sentenced to serve five years in the Department of Corrections on her conviction for theft over $300.

The State appealed from the trial court's judgment and, on June 28, 1989, the Illinois Supreme Court entered an order vacating the judgment of the trial court and remanding the cause for further proceedings, based upon its holding that the statute was constitutional.

On August 1, 1989, the State filed a motion to enter judgments of conviction on counts I and II of the indictment based upon the trial court's finding that the State had sustained its burden of proof as to those counts. The defendant filed a motion to dismiss, arguing that any further proceedings were barred by statutory and constitutional double jeopardy principles. After receiving briefs and hearing argument, the court entered its memorandum of decision and order on March 9, 1990. The court found that counts I and II had been dismissed on motion of defendant before the trial court had reached the factual issues in the case. Such a dismissal did not constitute an acquittal of the charges. The court held that the instant case is indistinguishable from *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187, *Lee v. United States* (1977), 432 U.S. 23, 53 L. Ed. 2d 80, 97 S. Ct. 2141, and *People v. Luallen* (1989), 188 Ill. App. 3d 862, 544 N.E.2d 1206. Accordingly, the court denied defendant's motion to dismiss the State's motion to enter judgments of conviction on counts I and II. It is from this order which the defendant now appeals.

On appeal, defendant argues that the dismissal of counts I and II constituted an implied acquittal of defendant on those charges, and that double jeopardy principles prohibit any further prosecution of those charges. Defendant argues that the dismissal was a resolution of the case in defendant's favor and was not an attempt by defendant

to avoid submitting the question of guilt or innocence to the jury. Defendant argues that the question of her guilt or innocence was submitted to the trier of fact and that this distinguishes her case from *Scott* and *Luallen*. Defendant cites numerous cases in support of her argument, all of which are clearly distinguishable from the case at bar. We will not discuss those cases because we think, as did the trial court, that the instant case falls squarely within the holding of *United States v. Scott*. Furthermore, *Scott* squarely addresses each of the arguments which defendant now raises on appeal and resolves them in favor of the prosecution.

In *United States v. Scott*, defendant was charged in Federal court in a three-count indictment with various drug offenses. Before his trial and twice during trial, defendant moved to dismiss two of the charges on the ground that preindictment delay had prejudiced his defense. At the close of all the evidence, the court granted defendant's motion. The third count was submitted to the jury, which returned a verdict of not guilty. The government appealed the dismissals of the two counts to the court of appeals, which dismissed the appeal, ruling that any further prosecution would violate the double jeopardy clause of the fifth amendment to the United States Constitution. The government then appealed the dismissal of only one count to the United States Supreme Court. The Supreme Court held that further prosecution was not barred by the double jeopardy clause.

■■ The court held that dismissal of charges, upon a defendant's motion which is unrelated to factual guilt or innocence, is not the equivalent of an acquittal, for an acquittal occurs only when the trial court has actually resolved in favor of defendant some or all of the factual elements of the offense charged. (*Scott*, 437 U.S. at 97, 57 L. Ed. 2d at 78, 98 S. Ct. at 2197.) Where a charge has been dismissed without a resolution of any of the factual elements relating to guilt or innocence, the double jeopardy clause will not protect a defendant from his voluntary choice to forego his right to have his guilt or innocence determined before the first trier of fact.

■■ In *Scott*, as in the instant case, the prosecution was quite willing to submit the question of defendant's guilt or innocence to the trier of fact, but the defendant elected to seek termination of the trial on grounds unrelated to guilt or innocence. The instant case, like *Scott*, involves a defendant who chose to avoid conviction and imprisonment, not because of her assertion that the prosecution had failed to sustain its burden of proof, but because of a legal claim that the case against her must fail even though it might satisfy the trier of fact that defendant was guilty beyond a reasonable doubt. In the in-

stant case, as in *Scott,* defendant successfully avoided submitting the question of her guilt or innocence to the trier of fact by persuading the trial court to dismiss the charges on a basis which did not depend on guilt or innocence. Defendant was thus neither convicted nor acquitted. In such a case, the double jeopardy clause does not bar further prosecution of the defendant.

*People v. Luallen* (1989), 188 Ill. App. 3d 862, 544 N.E.2d 1206, is also similar to the case at bar. In *Luallen,* after the jury was impaneled it was revealed that the State could not locate a certain piece of evidence. Defendant, arguing that this evidence was vital to her case, moved for dismissal of the charge. The court declared a mistrial and dismissed the charge. Eight days later, the United States Supreme Court decided *Arizona v. Youngblood* (1988), 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333, in which it held that, unless a defendant can show bad faith, failure to preserve evidence does not constitute a denial of due process. The State then moved for reconsideration, the motion was granted and the charge reinstated.

On appeal, defendant argued that dismissal of the charges terminated the case and amounted to an acquittal. The Fourth District of the Appellate Court held that defendant had sought dismissal of the case based not on a resolution of her guilt or innocence, but on a perceived due process problem concerning preservation of evidence. Thus, the court held, the case fell squarely under the ambit of *Scott* and the double jeopardy clause did not apply. We think the instant case also falls squarely under the ambit of *Scott,* and the double jeopardy clause does not apply.

■ Defendant argues, however, that her case differs from *Scott* because, although she argued the unconstitutionality of the statute, she allowed the question of her guilt or innocence to be submitted to the court. The court, she argues, decided to dismiss the charges rather than resolve the question of her guilt or innocence. We are not persuaded by defendant's argument. By raising the constitutionality of the statute under which defendant was charged, defendant forced the court to resolve that issue prior to addressing the question of defendant's guilt or innocence. Once the court found the statute unconstitutional, it had no choice but to dismiss the charges. There is no material difference between the situation presented in the case at bar and a situation where a defendant moves outright for dismissal of the charges. The dismissal of counts I and II did not in any way constitute a resolution of the factual elements of those charges, but was based on a legal conclusion. Defendant deliberately chose to seek termination of the proceedings against her on a basis unrelated to fac-

tual issues of guilt or innocence. Thus, the double jeopardy clause does not bar further prosecution. Furthermore, to the extent the court did resolve the question of defendant's guilt or innocence, it resolved it adversely to defendant. We see no double jeopardy bar to entering judgment on the court's findings as to counts I and II.

■■ ■ Finally, defendant argues that, pursuant to *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, she cannot be convicted of theft of a motor vehicle because such a conviction would be based on the same physical act as her conviction for theft over $300. Defendant is correct that more than one offense cannot be carved from the same physical act (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844), and that, where two separate judgments and sentences are entered for two convictions based upon a single physical act, one of the judgments and sentences must be vacated. (*People v. Depner* (1980), 89 Ill. App. 3d 689, 694, 411 N.E.2d 1368, 1373.) Defendant is also correct that the offenses of theft of a motor vehicle and theft over $300 are, in this case, carved from the same physical act. Defendant also argues that the double jeopardy clause prohibits multiple prosecutions for different offenses based upon a single physical act.

■■ ■ However, neither *King* nor the double jeopardy clause prohibits simultaneous prosecutions for more than one crime carved from a single physical act. A defendant properly may be charged simultaneously with more than one crime based upon a single physical act. *King* only stands for the proposition that, if multiple convictions are entered for those crimes, judgment and sentence may only be entered on the most serious offense. In the instant case, a single prosecution was brought against defendant. She was charged with two offenses based upon a single physical act. Had the defendant not caused one of the charges to be dismissed, she would have been convicted of both, but judgment and sentence would have been entered only on one. Judgment on the charge of armed violence would have been proper based upon her conviction for theft of a motor vehicle. Neither *King* nor the double jeopardy clause prohibits entry of judgment on the charge of armed violence.

For the foregoing reasons, the judgment of the circuit court of Franklin County denying defendant's motion to dismiss the State's motion to enter judgment on counts I and II of the indictment is affirmed.

Affirmed.

HOWERTON and LEWIS, JJ., concur.