THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
SCOTT TIMBERSON, Defendant-Appellee.

Fifth District   No. 5—90—0482

Opinion filed June 5, 1991.

Scott Mansfield, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On August 21, 1987, defendant, Scott Timberson, was charged by bill of indictment with first-degree murder in that, on July 5, 1987, without lawful justification and with the intent to kill or do great bodily harm to Ray Manuel, he shot Ray Manuel with a gun, thereby causing the death of Ray Manuel. The case was tried to a jury on November 9 and 10, 1987, in the circuit court of St. Clair County. The

jury was instructed on first-degree murder and second-degree murder (unreasonable belief in self-defense). Defendant's tendered instruction on self-defense was refused by the trial court. On November 10, 1987, the jury returned a verdict of guilty of second-degree murder. The verdict was silent on the charge of first-degree murder. Defendant was sentenced to 12 years' imprisonment.

Defendant appealed. On August 30, 1989, this court issued its judgment and opinion that the trial court had erred in refusing defendant's tendered instruction on self-defense. Defendant's conviction was reversed and the cause was remanded for a new trial. *People v. Timberson* (1989), 188 Ill. App. 3d 172, 544 N.E.2d 64.

On October 25, 1989, defendant filed a motion to dismiss the charge of first-degree murder for the reason that the prosecution was barred by the double jeopardy clause of the fifth amendment to the United States Constitution, by article I, section 10, of the Illinois Constitution, and by section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—4). Defendant's motion argued that the jury's previous verdict of guilty of second-degree murder constituted an implied acquittal of the charge of first-degree murder. After receiving oral and written argument, the trial court denied defendant's motion to dismiss, finding that a verdict of guilty of second-degree murder does not constitute an acquittal of the charge of first-degree murder, as the elements of the latter charge must be proved to prove second-degree murder, and that second-degree murder is not a lesser-included offense of first-degree murder because it requires proof of additional facts.

The cause was tried to a jury on March 14 and 15, 1990. The jury was instructed on first-degree murder and the issue of self-defense. No second-degree murder instructions were tendered or given. The jury returned a verdict of guilty of first-degree murder.

On April 11, 1990, defendant filed a post-trial motion alleging that the trial court had erred in denying his motion to dismiss the charge on double jeopardy grounds. Briefs were filed on the issue and, on July 10, 1990, the trial court granted defendant's request for a new trial, finding that it did err in denying defendant's motion to dismiss the charge of first-degree murder as barred by principles of double jeopardy. The cause was set for new trial.

The People of the State of Illinois appeal. The State argues that defendant's second prosecution for first-degree murder was not barred by principles of double jeopardy for the following reasons:

>   (1) The doctrine of implied acquittal of first-degree murder based upon a finding of guilty of second-degree murder does

not apply because, in order to find defendant guilty of second-degree murder, the jury must first find defendant guilty of first-degree murder. Thus, the State argues, defendant was impliedly convicted of the offense of first-degree murder. The doctrine of implied acquittal applies only where the jury is silent as to the offense charged, and not where the jury has made an express finding of guilty on all the charges; and

(2) Second-degree murder is not a lesser-included offense of first-degree murder because proof of second-degree murder requires proof of facts in addition to facts necessary to prove first-degree murder. Second-degree murder requires proof of all the elements of first-degree murder plus proof of a mitigating factor. Furthermore, second-degree murder does not involve a less culpable mental state than first-degree murder, but involves the same mental state.

Contrary to the State's position, we are of the opinion that defendant's conviction for second-degree murder did constitute an implied acquittal of first-degree murder and that second-degree murder is a lesser-included offense of first-degree murder. We find, therefore, that defendant's second trial for first-degree murder did violate defendant's right not to be placed twice in jeopardy for the same offense. Accordingly, we affirm the judgment of the circuit court of St. Clair County granting defendant's post-trial motion for a new trial.

■ In *Green v. United States* (1957), 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, the United States Supreme Court established the doctrine of "implied acquittal," in which conviction of one charge constitutes an implied acquittal of all other charges based upon the same facts if the verdict is silent as to those other charges. In *Green*, the defendant was charged in two counts with arson and with first-degree murder in that he caused the death of a person in committing arson. The jury was instructed that defendant could be found guilty of first-degree murder (based on the arson) or second-degree murder (killing another with malice aforethought). Defendant was convicted of second-degree murder. The verdict was silent on the charge of first-degree murder. Defendant appealed and the case was remanded for a new trial. Defendant was again tried for first-degree murder under the original indictment and was found guilty. He appealed, claiming that the second trial for first-degree murder placed him in double jeopardy for the same offense. In discussing the history and application of the doctrine of double jeopardy, the Supreme Court pointed out that a verdict of acquittal is final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense. The

Court also pointed out that the prohibition against double jeopardy will bar a subsequent prosecution where a defendant is once placed in jeopardy by having been put to trial before a jury and the jury is discharged without his consent. The Supreme Court explained that for both these reasons, Green's second trial was barred by principles of double jeopardy:

> "Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gauntlet once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder. But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. [Citation.] In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.'" 355 U.S. at 190-91, 2 L. Ed. 2d at 206, 78 S. Ct. at 225.

We think the same reasoning applies to the case at bar. Defendant's conviction for second-degree murder was an implied acquittal on the charge of first-degree murder. We do not agree with the State that such cannot be the case because a conviction for second-degree murder requires proof of all the elements of first-degree murder. While the State is correct that the elements of first-degree murder must be proved to prove second-degree murder, conviction of second-degree murder does not constitute an "implied conviction" of first-degree murder. The State confuses the process by which the jury determines its verdict with the actual verdict.

■ Pursuant to section 9—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 9—2(a)), the jury must determine if all

the elements of an intentional killing (first-degree murder) have been proved. If it so finds, the jury must then determine if the defendant has presented sufficient evidence of a mitigating circumstance to reduce the magnitude of the intentional killing from first- to second-degree murder. There is no finding of guilt as to first-degree murder and no verdict is entered as to first-degree murder. The only finding of guilt, and the only verdict entered, is with respect to second-degree murder. A second-degree murder conviction is a determination that, while the State has met its burden as to whether an intentional killing occurred, there are mitigating circumstances which reduce the degree of the offense. First- and second-degree murder are separate and distinct offenses, just as were murder and voluntary manslaughter.

■ In the instant case as in *Green*, the jury had the opportunity to find the defendant guilty of first-degree murder at defendant's first trial. It did not do so. Defendant was therefore acquitted of first-degree murder, and his second prosecution for that offense was barred by principles of double jeopardy. Furthermore, the jury at defendant's first trial was discharged without his consent and without returning any express verdict on the charge of first-degree murder. At that point, defendant's jeopardy for first-degree murder came to an end and he could not be retried for the same offense.

■ Furthermore, the statute defining second-degree murder was written with the specific intention of retaining all of the substantive law, both statutory and case law, previously applicable to the statute defining the offense of voluntary manslaughter. (Steigmann, *First & Second Degree Murder in Illinois*, 75 Ill. B.J. 494, 495 (1987).) Conviction of voluntary manslaughter has long been considered an implied acquittal of murder where the jury is instructed on both offenses. *People v. Hall* (1969), 118 Ill. App. 2d 160, 168, 254 N.E.2d 793, 797.

■ ■ We also find that defendant's second trial for first-degree murder was barred by section 3–4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3–4(a)). That section provides that conviction of an included offense is an acquittal of the offense charged. In the instant case, defendant was charged with first-degree murder. At his first trial, he was convicted of second-degree murder, with which he was not charged. The State argues, however, that second-degree murder is not an included offense of first-degree murder because it requires proof of facts not required for proof of first-degree murder and does not involve a less culpable mental state. We disagree.

An "included offense" is defined as an offense which is established by proof of the same or less than all of the facts, or a less cul-

pable mental state (or both), than that which is required to establish the commission of the offense charged. (Ill. Rev. Stat. 1989, ch. 38, par. 2—9(a).) Although second-degree murder is not established by proof of the same or less than all of the facts required to prove first-degree murder, we think it does involve a less culpable mental state. In *People v. Reddick* (1988), 123 Ill. 2d 184, 195, 526 N.E.2d 141, 145, our supreme court recognized that the mitigating elements of the crime of voluntary manslaughter, which are identical to those of the crime of second-degree murder, represent mental states of lesser culpability.

Furthermore, voluntary manslaughter has long been recognized as a lesser-included offense of murder. (*People v. Goolsby* (1979), 70 Ill. App. 3d 832, 836, 388 N.E.2d 894, 897.) The statute defining second-degree murder was written with the specific intention of retaining all of the substantive law, both statutory and case law, previously applicable to the statute defining the offense of voluntary manslaughter. (Steigmann, *First & Second Degree Murder in Illinois*, 75 Ill. B.J. 494, 495 (1987).) Thus, second-degree murder must be considered a lesser-included offense of first-degree murder.

■ Finally, all prosecutions for felonies must be commenced by information or indictment. (Ill. Rev. Stat. 1989, ch. 38, par. 111—2.) Defendant was charged only with first-degree murder. Thus, if second-degree murder is not an included offense of first-degree murder, defendant could not have been convicted of second-degree murder at his first trial. Furthermore, if second-degree murder is not an included offense of first-degree murder, a defendant would not be in a position to establish the mitigating circumstances under the second-degree murder statute and thereby reduce the offense from first-degree murder unless the State itself charged defendant with second-degree murder. One can easily see that, if such were the case, there would be few, if any, convictions for second-degree murder. Such an interpretation of the second-degree murder statute would be absurd, and we must assume that the legislature did not intend an absurd result. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84, 86.) Because an indictment for one offense serves as an indictment for all lesser-included offenses even though they are not specified (*Kinter v. Board of Fire & Police Commissioners* (1990), 194 Ill. App. 3d 126, 129, 550 N.E.2d 1126, 1128), and because the legislature must have intended that second-degree murder be available as an alternative to first-degree murder, second-degree murder must be considered an included offense of first-degree murder. Thus, an indictment for first-degree murder includes the charge of second-

degree murder, making this lesser offense available to defendant if he can prove a mitigating circumstance. Obviously, this is the result the legislature intended in drafting the new murder statutes.

■■ Because second-degree murder is a lesser-included offense of first-degree murder, defendant's conviction of second-degree murder was an acquittal of the offense charged, first-degree murder. His second trial for first-degree murder violated defendant's right not to be placed twice in jeopardy for the same offense.

Finally, we point out that if we were to accept the State's position, a defendant convicted of second-degree murder would not be able to appeal even from the denial of a constitutional right without risking trial and conviction on a more serious charge. The legislature could not have intended to so chill a defendant's substantial right to appeal from a possibly erroneous or unconstitutional conviction in his first trial.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK, P.J., and CHAPMAN, J., concur.