THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHESTER FISHER, Defendant-Appellee.

Fifth District   No. 5—92—0403

Opinion filed April 15, 1994.

Frederick Turner, Jr., State's Attorney, of Golconda (Norbert J. Goetten,

Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE RARICK delivered the opinion of the court:

The State appeals from the order of the circuit court which dismissed a charge of armed violence against defendant, Chester Fisher. Defendant was tried by a jury in the circuit court of Pope County on charges of armed violence, aggravated battery, and attempted first-degree murder. The jury found defendant guilty of aggravated battery. A mistrial was declared as to the armed violence and attempted first-degree murder charges. The court subsequently dismissed the charge of armed violence on the basis that the jury's verdict, which found defendant guilty of aggravated battery, an included offense of armed violence, was tantamount to a not guilty finding on the armed violence charge. The State appeals the dismissal of the armed violence charge. The attempt charge was not dismissed and is not an issue in this appeal.

■ Before addressing the State's argument that the court erred in dismissing the armed violence charge, there is a preliminary matter we must address. Defendant argues this court is without jurisdiction to hear the State's appeal because the State failed to file a motion asking the trial court to reconsider its decision. Defendant relies on *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113, in which this court held that a defendant's failure to file a motion to reduce his sentence as required by section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)) precluded appeal of the sentence. Defendant argues that because the State in the instant case did not file a motion to have the judge reconsider its decision, the State did not comply with the dictates of *Macke* and this court is without jurisdiction to hear the State's appeal. We find no merit to defendant's argument. In the recent case of *People v. Lewis* (1994), 158 Ill. 2d 386, our supreme court held that the legislature in enacting section 5—8—1(c) did not require, rather than merely permit, a motion to reduce the sentence of a defendant wishing to appeal the severity of that sentence. The *Lewis* decision effectively overruled the portions of the *Macke* decision on which defendant in this cause relies.

We now turn to the substance of the State's appeal. Evidence was presented at trial that the victim, Michael Bates, had a $7^{1}/_{2}$-year romantic involvement with Laura Oshe. After Oshe broke up with

Bates, she dated defendant. On April 14, 1990, Bates punched defendant in the nose causing defendant's nose to bleed. Defendant returned home and placed a shotgun in his pickup truck. While driving around the Golconda area, defendant noticed Oshe and Bates by the side of the road and pulled behind their vehicles, and Bates, while carrying a tire iron in each hand, approached defendant. Defendant, who was now outside of his truck, fired the shotgun twice. Bates received numerous wounds to his backside.

Without objection by either party, the jury received the following instructions which are pertinent to this appeal:

"The defendant is charged with the offense of armed violence. The defendant has pleaded not guilty. Under the law, a person charged with armed violence may be found not guilty of armed violence and not guilty of aggravated battery, or may be found guilty of armed violence or guilty of aggravated battery.

You are to decide based upon the evidence and the law in this case whether to return a verdict of not guilty of armed violence and not guilty of aggravated battery, a verdict of guilty of armed violence, or a verdict of guilty of aggravated battery." Illinois Pattern Jury Instructions, Criminal, No. 2.01R (2d ed. Supp. 1989).

"When you retire to the jury room you first will elect one of your members as your foreperson. He or she will preside during your deliberations on your verdict.

Your agreement on a verdict must be unanimous. Your verdict must be in writing and signed by all of you, including the foreperson.

The defendant is charged with the offense of armed violence. Under the law, a person charged with armed violence may be found not guilty of armed violence and not guilty of aggravated battery, or may be found guilty of armed violence or guilty of aggravated battery.

You are to decide based upon the evidence and the law in this case whether to return a verdict of not guilty of armed violence and not guilty of aggravated battery, a verdict of guilty of armed violence, or a verdict of guilty of aggravated battery.

Accordingly, you will be provided with three verdict forms pertaining to the charge of armed violence: 'not guilty of armed violence and not guilty of aggravated battery,' 'guilty of armed violence,' and 'guilty of aggravated battery.'

From these three verdict forms, you should select the one verdict form that reflects your verdict and sign it as I have stated. Do not write at all on the other two verdict forms. Sign only one of the verdict forms.

* * *

If you find the State has proved the defendant guilty of both armed violence and aggravated battery, you should select the verdict form finding the defendant guilty of armed violence and sign it as I have stated. Under these circumstances, do not sign the verdict form finding the defendant guilty of aggravated battery." Illinois Pattern Jury Instructions, Criminal, No. 26.01R (2d ed. Supp. 1989) (IPI Criminal 2d).

The jury retired to deliberate at 4:40 p.m. The first note the court received from the jury stated, "Need dictionary." After conferring with counsel, the court denied the request, concluding that a dictionary would be an inappropriate outside resource.

At approximately 11 p.m., a second note was sent which stated, "Judge, we are deadlocked (hung jury). Please advise next step." After conferring with counsel, the court called the jury into the courtroom and questioned the foreman of the jury. The foreman responded that the jury was deadlocked on all charges and more time deliberating would not break the deadlock. The court then gave the *Prim* instruction (see *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601), and the jury resumed deliberations.

The court received a third note, which stated: "We need assistance, please clarify aggravated battery, armed violence, also does the above go along together? Thank you. Vic English, Foreman." After conferring with counsel, the court wrote to the jury it could not clarify armed violence and aggravated battery any more than as stated in the jury instructions and asked the jury to clarify the question, "Does the above go along together?" The jury replied: "In the jury instructions, the papers contradict each other. Please see attached papers (the underlined parts) and to clarify the question. Please advise about the part underlined and with the stars. Thank you."

The portion of IPI Criminal 2d No. 26.01R (Supp. 1989) underlined and starred by the jury is as follows:

"The defendant is charged with the offense of armed violence. Under the law, a person charged with armed violence may be found not guilty of armed violence and not guilty of aggravated battery, or may be found guilty of armed violence or guilty of aggravated battery.

You are to decide based upon the evidence and the law in this case whether to return a verdict of not guilty of armed violence and not guilty of aggravated battery, a verdict of guilty of armed violence, or a verdict of guilty of aggravated battery.

\* \* \*

If you find that the State has proved the defendant guilty of both armed violence and aggravated battery, you should select the

verdict form finding the defendant guilty of armed violence and sign it as I have stated. Under these circumstances, do not sign the verdict form finding the defendant guilty of aggravated battery."

The other instructions which were returned starred and underlined are not relevant to the issue raised on appeal.

After consulting with counsel, the court concluded, after reviewing the jury's submissions, "that the jurors are confused as to the lesser included offense and their selection of the appropriate verdict form." The court wrote the following: "As to the paragraph with the star, (1) if you find the defendant not guilty of both armed violence and aggravated battery, use the not guilty form; (2) if you find the defendant guilty of armed violence and aggravated battery, you should select the verdict form finding guilty of armed violence; (3) if you find the defendant guilty only of aggravated battery, you should select only the aggravated battery verdict form and sign it."

Later, the following occurred:

"THE COURT: I received a note from the jury, 'We have not come to a decision on two counts, please advise us what we should do now. Thank you, Vic English, foreman.'

It's my intention to call the jury in and inquire of the two counts and if they were given more time could they reach a decision. If they indicate that it would not be fruitful, that they have reached an impasse, then I will declare a mistrial on the two counts [on which] they have not come to a verdict and accept the verdict on the count [on which] they have reached a verdict. Anything else?

[State's Attorney]: No, sir.

[Defense Counsel]: No, sir."

The jury was called back into the courtroom, and in response to the court's questions, the foreman stated that the jury was at an impasse and more time spent deliberating would not help it. The court noted that it was 2:15 a.m. The court then accepted the jury's verdict, which found defendant guilty of aggravated battery: "We, the jury, find the defendant, Chester Fisher, guilty of the offense of aggravated battery." The court entered judgment on the verdict of guilty to the charge of aggravated battery, ordered a presentence report, and set the cause for sentencing.

On November 12, 1991, within 30 days of the termination of the trial, defendant filed a motion to vacate the court's declaration of a mistrial on the charge of armed violence and requested the dismissal of the charge of armed violence. The defendant argued that because aggravated battery is a lesser-included offense of armed violence, the jury's verdict of guilty of aggravated battery statutorily (section

3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a))) resulted in an acquittal of the armed violence charge.

On November 15, 1991, the State filed a motion for a trial setting for the charges of attempted first-degree murder and armed violence.

On December 5, 1991, a hearing was held. After hearing argument, the court ordered the parties to submit briefs on the issue of whether retrial could occur on the charge of armed violence. On December 16, 1991, defendant filed his "Motion to vacate mistrial and for dismissal of armed violence charge." On December 23, 1991, the State filed its "Brief in opposition to defendant's motion to dismiss."

On January 27, 1992, the court denied defendant's motion to vacate mistrial and to dismiss the armed violence charge. The court reasoned that there was not an implied acquittal, because the jury explained that it was unable to reach a verdict on the armed violence charge.

On June 3, 1992, defendant filed another motion to dismiss the armed violence charge. On June 8, 1992, the State filed its brief in opposition to defendant's motion to dismiss. On June 8, 1992, a hearing was held on the motion to dismiss. On June 12, 1992, the court dismissed the armed violence charge. The court reasoned: "[t]he jury was given three forms of verdict as to the Armed Violence charge and lesser included offenses of Aggravated Battery. The jury was instructed to pick one form of verdict which they [*sic*] did, finding the defendant guilty of Aggravated Battery. Even if the jury determined to find defendant not guilty of Armed Violence the jury could not have since no form of verdict was submitted. Court finds that Jeopardy attached to the charge of Armed Violence."

The State argues, relying on *People v. Quintana* (1967), 36 Ill. 2d 369, 223 N.E.2d 161, that instead of refiling the original motion to dismiss after the first motion was denied, defense counsel should have either filed a motion for the circuit court to reconsider its ruling or appealed the ruling under Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)). *Quintana*, however, does not stand for the proposition that a trial judge may not reconsider his own rulings but only stands for the proposition that certain pretrial orders by one judge may not be reviewed by another judge. We cannot find that the trial court proceeded incorrectly on the facts of this case.

■ In the case at bar, this court must decide whether the judgment of guilty on aggravated battery was an acquittal of the armed violence charge, thereby preventing retrial on that charge. The double jeopardy clause, whose application we are now called upon to consider, provides that no person shall "be subject for the

same offense to be twice put in jeopardy of life or limb." (U.S. Const., amend. V.) Our Illinois Constitution has a similar provision which provides "No person shall be *** twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, § 10.) These provisions apply both to successive punishments and to successive prosecutions for the same criminal offense. (See *United States v. Dixon* (1993), 509 U.S. 688, 695-96, 125 L. Ed. 2d 556, 567, 113 S. Ct. 2849, 2855.) It is well established that a trial judge's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which a defendant was subjected. (*Richardson v. United States* (1984), 468 U.S. 317, 326, 82 L. Ed. 2d 242, 251, 104 S. Ct. 3081, 3086.) The government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. (*Richardson*, 468 U.S. at 326, 82 L. Ed. 2d at 251, 104 S. Ct. at 3086.) The double jeopardy clause by its terms applies only if there has been some event, such as an acquittal, which terminated the original jeopardy. *Richardson*, 468 U.S. at 325, 82 L. Ed. 2d at 250-51, 104 S. Ct. at 3086.

Defendant argues, relying on *Green v. United States* (1957), 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, that the jury's verdict of guilty of aggravated battery, a lesser-included charge of armed violence, was an acquittal of the charge of armed violence. In *Green*, at defendant's first trial, the jury was authorized to find him guilty of either first-degree murder (killing while perpetrating a felony) or, alternatively, of second-degree murder (killing with malice afore-thought). The jury found him guilty of second-degree murder, but on his appeal that conviction was reversed and the case was remanded for a new trial. At the second trial Green was tried not for second-degree murder but for first-degree murder, even though the original jury had refused to find him guilty on that charge and that charge was in no way involved in his appeal. The Supreme Court held that the government was barred by double jeopardy from retrying Green on the first-degree murder charge because the jury's refusal to convict him of that offense was no different than if the jury had returned a verdict of not guilty on the first-degree charge but guilty of murder in the second degree. (*Green*, 355 U.S. at 191, 2 L. Ed. 2d at 206, 78 S. Ct. at 225.) The Court reasoned:

"[T]he jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the

jury was discharged so that he could not be retried for that offense." *Green*, 355 U.S. at 191, 2 L. Ed. 2d at 207, 78 S. Ct. at 225.

Section 3—4(a) of the Illinois Criminal Code of 1961 (Code) provides:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution; or

(3) Was terminated improperly after the jury was impaneled and sworn or, in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts, or after a plea of guilty was accepted by the court.

A conviction of an included offense is an acquittal of the offense charged." Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a) (now 720 ILCS 5/3—4(a) (West 1992)).

There is an implied acquittal of an offense where there is a guilty verdict on a lesser offense and silence as to the charged offense. (*Green v. United States* (1957), 355 U.S. 184, 190-91, 2 L. Ed. 2d 199, 206, 78 S. Ct. 221, 225; *People v. Brown* (1991), 218 Ill. App. 3d 890, 898, 578 N.E.2d 1168, 1173.) In order to be classified as a lesser-included offense, all the elements must be included within the greater offense or there must be a less culpable mental state. (*Brown*, 218 Ill. App. 3d at 898, 578 N.E.2d at 1174.) In this case, aggravated battery is a lesser-included offense of armed violence. A conviction for aggravated battery, therefore, is an acquittal of armed violence. In *People v. Timberson* (1991), 213 Ill. App. 3d 1037, 573 N.E.2d 374, the defendant was indicted for first-degree murder. The jury was instructed on first-degree murder and on second-degree murder (unreasonable belief in self-defense). His self-defense instructions were refused by the court. On November 10, 1987, the jury returned a verdict of guilty of second-degree murder. The verdict was silent on the charge of first-degree murder. The defendant appealed, and this court reversed and remanded for a new trial on the basis that the trial court erred in failing to instruct the jury on self-defense. (See *People v. Timberson* (1989), 188 Ill. App. 3d 172, 544 N.E.2d 64.) On remand, the defendant was again tried, and this time he was convicted of first-degree murder. The defendant filed a post-trial motion alleging that the

trial court had erred in denying his motion to dismiss the charge on double jeopardy grounds. The court entered an order for a new trial after determining that it had erred in failing to grant Timberson's pretrial motion to dismiss the first-degree murder charge. The State appealed. This court held that Timberson's conviction for second-degree murder in the first trial was an implied acquittal of first-degree murder and that second-degree murder is a lesser-included offense of first-degree murder. (*Timberson*, 213 Ill. App. 3d at 1040, 573 N.E.2d at 375.) We found that Timberson's second trial for first-degree murder did violate a defendant's right not to be placed twice in jeopardy for the same offense; therefore, we affirmed the trial court's judgment which granted the defendant a new trial. *Timberson*, 213 Ill. App. 3d at 1040, 573 N.E.2d at 375.

The most significant difference between *Timberson* and the case at bar is that the record indicates that the jury in the present case stated it was not able to reach a verdict on the armed violence count. We conclude the difference does not dictate a different result than that reached in *Timberson*. The jury was instructed, "[y]ou should select the *one* verdict form that reflects your verdict and sign it." (Emphasis added.) After the court was informed that the jury was having difficulty understanding the jury instructions, the court again instructed, "If you find the defendant guilty only of aggravated battery, you should select only the aggravated battery verdict form and sign it." The jury returned the form finding defendant guilty of aggravated battery. Therefore, the jury impliedly acquitted defendant of armed violence. In *People v. Albanese* (1984), 102 Ill. 2d 54, 78, 464 N.E.2d 206, 219, our supreme court held that a jury verdict could not be impeached by the allegation that one of the jurors was confused by the jury handbook. We do not believe that the jury verdict should be impeached where the jury might have been unaware of the legal effect of returning the form finding defendant guilty of aggravated battery or by its statements that it could not reach a verdict on the other two charges. The only manner in which the conclusion of a jury on a verdict may be recognized is by a formal return of its verdict to the court. (*People v. Hall* (1975), 25 Ill. App. 3d 992, 994, 324 N.E.2d 50, 52.) Generally, a jury verdict cannot be impeached even by the jurors' own affidavits or testimony. *People v. Brinn* (1965), 32 Ill. 2d 232, 239, 204 N.E.2d 724, 729.

The State argues: "[w]here the defendant had not objected (to the declaration of a mistrial), and where the jury was deadlocked after deliberating for more than nine hours and a *Prim* instruction was given, the trial court did not abuse its discretion in declaring a mistrial, and retrial will not be barred." In this case, the State was not

subjected to potential prejudice because of defendant's failure to object. (See *State v. Mercer* (Ind. Ct. App. 1986), 500 N.E.2d 1278, 1280.) The State had the same right as defendant to object to the discharge of the jury. (See *Mercer*, 500 N.E.2d at 1280.) Since defendant's failure to object did not prejudice the State, we will not find this failure to object was a waiver of his privilege against double jeopardy. See *Mercer*, 500 N.E.2d at 1280.

The State relies on *People v. Krogul* (1983), 115 Ill. App. 3d 734, 450 N.E.2d 20, and argues: Where, as here, the jury has been instructed on a charge, and considered it, but was unable to return a verdict, the jury will not be found to have been silent on that charge. The factual situation in *Krogul* is opposite to the circumstances in the case at bar. Krogul was indicted on three counts of murder and one count of voluntary manslaughter charge. Prior to trial, the State entered a *nolle prosequi* on the voluntary manslaughter. At trial, both the defendant and the State tendered an instruction on voluntary manslaughter, and the State's instruction was given to the jury. The defendant also submitted an instruction on justifiable use of force or self-defense, which was also given to the jury. A not guilty verdict was returned for the offense of murder, and a judgment of acquittal was entered on that charge. The jury was unable to reach a verdict on the voluntary manslaughter charge, and a mistrial was declared. The State attempted to continue the voluntary manslaughter prosecution, whereupon Krogul filed a motion to dismiss claiming that the manslaughter prosecution was barred by the previous *nolle prosequi* and acquittal. The motion was denied, and the defendant appealed pursuant to Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)).

The *Krogul* court held that section 3—4(b)(1) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1)) has been held to bar prosecutions which could have been brought in the first trial of the cause but were not, or prosecutions of a lesser-included offense where the defendant was previously charged with and acquitted of the greater offense and the trier of fact in the first trial was silent as to lesser-included offenses. In the latter situation, acquittal of the lesser offenses is implied by the jury's silence. (*Krogul*, 115 Ill. App. 3d at 737, 450 N.E.2d at 23.) The *Krogul* court further held that neither of the two foregoing situations occurred at defendant's trial; therefore, the jury was not silent on the voluntary manslaughter charge, and retrial was not barred.

In contrast to *Krogul*, defendant, in the case at bar, was found guilty on the lesser-included offense, and the jury could not reach a verdict on the greater offense. Therefore, retrial on the offense of armed violence is barred.

Relying upon this court's decision in *People v. Tripp* (1991), 208 Ill. App. 3d 1006, 567 N.E.2d 769, the State argues we should not be persuaded by defendant's argument that retrial is barred by double jeopardy principles because the elements of the lesser offenses are needed to prove the charges of armed violence. In *Tripp*, defendant was charged by a three-count indictment with armed violence predicated on theft of a motor vehicle, and felony theft. The case was tried to a court sitting without a jury. After the close of all the evidence and during oral argument, the defendant, for the first time, argued theft of a motor vehicle could not serve as the predicate offense for armed violence, because the statute establishing the offense of theft of a motor vehicle had been declared unconstitutional. The trial court took the matter under advisement and, six days later, dismissed the armed violence and theft of a motor vehicle counts on the basis that those counts did not state an offense due to the unconstitutionality of the theft of a motor vehicle statute. The court found the defendant guilty of felony theft. The State appealed, and the Illinois Supreme Court entered an order vacating the judgment of the trial court and remanding the cause for further proceedings, based upon its holding that the statute was constitutional. On remand to the trial court, the defendant filed a motion to dismiss, arguing that any further proceedings were barred by statutory and constitutional double jeopardy principles. The court found that the two counts had been dismissed on motion of the defendant before the court had reached the factual issues in the case; therefore, dismissal did not constitute an acquittal of the charges.

On appeal to this court, Tripp argued that the dismissal of the two counts constituted an implied acquittal of her on those charges and that double jeopardy principles prohibited any further prosecution of those charges. This court held that further prosecution of the armed violence and theft of a motor vehicle counts was not barred. This court reasoned that the dismissal of the two counts did not in any way constitute a resolution of the factual elements of those charges but was based on a legal conclusion, and the defendant deliberately chose to seek termination of the proceedings against her on a basis unrelated to factual issues of guilt or innocence. *Tripp*, 208 Ill. App. 3d at 1010-11, 567 N.E.2d at 772.

Unlike the situation in *Tripp*, here there was a verdict rendered on the factual issues of guilt or innocence. By returning the verdict form finding defendant guilty of aggravated battery, defendant was impliedly acquitted of armed violence. The jury did not, as the trial court did in *Tripp*, find that the State had sustained its burden on the greater charge.

For the foregoing reasons, the judgment of the circuit court of Pope County dismissing the armed violence charge is affirmed.

Affirmed.

WELCH and CHAPMAN, JJ., concur.